**MALY LIVESTOCK COMMISSION CO., Inc., Petitioner,**

v.

**Clifford M. HARDIN, Secretary of Agriculture, et al., Respondents**
(Three cases).

**Nos. 20441, 20487 and 20488.**

United States Court of Appeals, Eighth Circuit.

Aug. 2, 1971.

---

John C. Person, Malcolm D. Young, Omaha, Neb., for petitioner, Maly Livestock Commission Co.

Harold W. Kauffman and A. G. Schatz, of Gross, Welch, Vinardi, Kauffman, Schatz & Day, Omaha, Neb., for respondents Hays Livestock Comm. Co., Inc., Rush County Sales Co., and Plainville Livestock Comm. Co., Inc.; Thomas C. Boone, Hays, Kan., and Marvin E. Thompson, Russell, Kan., of counsel.

L. Patrick Gray, III, Asst. Atty. Gen., Morton Hollander, Patricia S. Baptiste, Attys., Dept. of Justice, Washington, D. C., for respondent Clifford M. Hardin.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Petitions for direct review are lodged in this court from reparation orders issued by the Secretary of Agriculture against Maly Livestock Commission Company and Glen Wenzl under the Packers and Stockyards Act, 7 U.S.C.A. 210(e). This court reserved ruling on the respondents' motions to dismiss the petitions for lack of jurisdiction until the matter was fully briefed and submitted on the merits. We now sustain the motions to dismiss for lack of jurisdiction.

Title 7 U.S.C.A. 210(f) sets out the exclusive method prescribed by the Packers and Stockyards Act for judicial review of such orders.[1] Under this section complainant upon nonpayment may file in the District Court of the United States or in any state court having general jurisdiction of the parties a petition for damages.

We hold 28 U.S.C.A. 2342(2)[2] specifically excludes direct review by a court of appeals of reparation orders of the Secretary of Agriculture made pursuant to 7 U.S.C.A. 210(e). Apposite here are the principles of I. C. C. v. Atlantic Coast Line R.R., 383 U.S. 576, 86 S.Ct. 1000, 16 L.Ed.2d 109 (1966), which bar direct review by the court of appeals under an identical provision to 7 U.S.C.A. 210(f) found in the Interstate Commerce Act.

1.  Section 210(f) reads:
"If the defendant does not comply with an order for the payment of money within the time limit in such order, the complainant, or any person for whose benefit such order was made, may within one year of the date of the order file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the defendant or in any State court having general jurisdiction of the parties, a petition setting forth briefly the causes for which he claims damages, and the order of the Secretary in the premises. Such suit in the district court shall proceed in all respects like other civil suits for damages except that the findings and orders of the Secretary shall be prima facie evidence of the facts therein stated, and the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings unless they accrue upon his appeal. If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of the costs of the suit."

2.  Section 2342 reads:
"The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—
*     *     *     *     *
"(2) all final orders of the Secretary of Agriculture made under chapters 9 and 20A of title 7, except orders issued under sections 210(e), 217a, and 499g(a) of title 7;
*     *     *     *     *
Jurisdiction is invoked by filing a petition as provided by section 2344 of this title."

**6**

See also Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

The petitions for review are ordered dismissed for lack of jurisdiction.