212 Kan. 137 (1973)
510 P.2d 160
HERMAN L. NEELEY, Appellee,
v.
BOARD OF TRUSTEES, POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, CITY OF WICHITA, Appellant.
No. 46,772
Supreme Court of Kansas.
Opinion filed May 12, 1973.
Eugene L. Pirtle, of Wichita, argued the cause and John Deckker, of Wichita, was with him on the brief for the appellant.
Vincent L. Bogart, of Wichita, argued the cause and Albert J. Kirk, of Wichita, was with him on the brief for the appellee.
The opinion of the court was delivered by
SCHROEDER, J.:
This is the second appeal to this court in an action filed by Herman L. Neeley, a fireman employed by the City of Wichita for over 13 years. Neeley applied for a permanent service connected disability pension under the terms of the Policemen's *138 and Firemen's Retirement System of the City of Wichita, alleging permanent disability as a result of a fall from a fire truck on August 18, 1967.
The first appeal was taken by Neeley from a judgment of the district court of Sedgwick County denying relief to him when he appealed from an order of the board of trustees, Policemen's and Firemen's Retirement System of the City of Wichita, denying his application for service connected disability benefits.
At the first hearing before the board of trustees concerning Neeley's application both Neeley and his attorney were denied the right to be present. The determination by the board of trustees was adverse to Neeley. On appeal to the Supreme Court the district court's affirmance of the board's action was reversed and the case remanded with directions to the reviewing court that Neeley be given a complete hearing before the administrative body in accordance with due process of law (Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System, 205 Kan. 780, 473 P.2d 72).
On remand of the case Neeley's application for a service connected disability pension was reheard by an entirely new board of trustees, with the exception of a former member, Floyd Hobbs, and a citizen member, Mr. Titus, who served on the board which had originally denied Neeley's permanent disability pension application.
The rehearing on September 9, 1970, before the second board was in accordance with this Court's mandate. The proceedings were recorded under oath and transcribed by a certified court reporter. The second board found Neeley to be permanently disabled from performing the duties of a fireman, but it also found Neeley's disability was not service connected. It therefore denied Neeley's application for a service connected, permanent disability pension. The second board did, however, grant a non-service connected disability pension.
Pursuant to K.S.A. 60-2101 (a) Neeley appealed to the district court of Sedgwick County, Kansas, from that part of the board's decision finding his disability to be non-service connected. No issue was presented in the district court, nor is any issue presented on appeal to this court, as to whether Neeley was permanently disabled from performing the duties of a fireman. Thus, on the record here presented the board's finding that Neeley was permanently *139 disabled from performing the duties of a fireman is established and binding.
The trial judge in reviewing this matter recited the law stated in our prior decision and also the law stated in Lauber v. Firemen's Relief Association, 202 Kan. 564, 451 P.2d 488, and concluded the only issue before the district court was whether there was any substantial competent evidence in the record to sustain the finding of the board of trustees that Neeley's disability was not service connected.
The trial court after reviewing the record of the administrative proceeding and after hearing the argument of counsel found there was no substantial competent evidence to sustain the finding of the board of trustees that Neeley's disability was not service connected. The trial court concluded Neeley's disability was service connected, and that Neeley was entitled to a full pension for a service connected disability, which the board of trustees was ordered to grant him.
Appeal has been dulyThe underlying question on appeal is whether the trial court erred in concluding there was no substantial competent evidence upon which the board of trustees could have found that the disability of Neeley was not service connected.
The law to be followed by the district court in reviewing the action of an administrative tribunal is set forth in Lauber v. Firemen's Relief Association, supra, and need not be reiterated. The trial court properly recognized the standards of review applicable to an administrative matter of this nature.
Upon reviewing the record we find the trial court did not err in concluding there was no substantial competent evidence from which the board of trustees could have determined that Neeley's disability was not service connected. The facts presented by the record are substantially similar to the facts related in Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System, 205 Kan. 780, 473 P.2d 72. A few minor discrepancies will be noted later.
Neeley was employed as a fireman for the City of Wichita for over 13 years. He had contributed a portion of his wages to the fund which is used for payment of service connected disability pensions to firemen in the retirement system supervised by the Board of Trustees, Policemen's and Firemen's Retirement System, City of Wichita.
*140 Neeley's application for a service connected disability pension was made in accordance with the ordinances of the City of Wichita pertaining thereto. The applicable ordinance provides in part that any member, who shall while engaged in the performance of his duties, be permanently injured or disabled, and upon an examination by a physician or physicians appointed by the board of trustees, be found to be physically or mentally disabled as a result of such permanent disability or injury so as to render him unfit for the performance of his duties as a fireman, shall be entitled to be retired, and the board of trustees shall thereupon order his retirement, and upon his being retired he shall be paid out of the system, monthly, a sum equal to 75% of the amount of monthly compensation allowed such member as salary at the time of his permanent injury or disability.
There is no discrepancy in the record as to whether Neeley fell and injured himself while working for the fire department of the City of Wichita. This is substantiated by the testimony of Neeley, fireman Bannister, fireman Rathke, and the report of the supervising officials including Lieutenant Holliday. The only discrepancy in the testimony is whether he fell from the top of the truck and hit his back on the step, or whether he fell a distance of eight or sixteen feet, or whether he was checking the water or observing a rookie fireman. There is no question but that the fall and injury occurred on August 18, 1967, while fighting a trash fire in the northern part of Wichita. Mr. Bannister, a firefighter on this call, testified that he was working with the hose and Neeley was working on the tanker-truck. He saw Neeley fall from the truck and hit the ground with an impact. He said Neeley laid on the ground for a period of time "trying to get his wind back and everything". After the fall Neeley had to sit down and take it easy for a while.
Neeley reported the accident and injury to his supervisor the day it occurred, August 18, 1967.
On the recommendation of his supervisor Neeley called the fire department doctor, K.W. Binyon, M.D., on August 18, 1967. He also called E.E. Kaufman, M.D., an orthopedist, on the day of this accident at the direction of Dr. Binyon.
His supervisors, Lieutenant J.R. Holliday and District Chief C.O. Avery, reported the accident stating that Herman L. Neeley, a firefighter, was involved in an injury accident on August 18, 1967, when he stepped up on a tanker to check the water supply, and that he slipped and bumped his back severely when getting *141 down. The part of the body injured was stated to be his back. The date and location of the accident was said to be 2:44 p.m., August 18, 1967, 2832 North Santa Fe.
The sick and off duty report, dated September 12, 1967, signed by H.L. Neeley and C.O. Avery, his immediate supervisor, approved by L.D. Carney, division head, and by T.A. McGaughey, department head, reflects that it was a service connected injury and that Neeley had been referred to Dr. Kaufman with a back injury.
The report of accident to the insurer was made by the district chief September 15, 1967.
The preliminary notice of injury was made to the insurer by Neeley on September 15, 1967.
The employer's report of accident dated September 15, 1967, made out by the District Chief, C.O. Avery, relates that Neeley had an accident at 2:44 p.m., August 18, 1967; that his disability began September 13, 1967; that the accident occurred when he was assisting E-3 at a trash fire at 2832 North Santa Fe, Wichita, Kansas, when he was checking the water level in a tanker and slipped and bumped his back; that he was hospitalized September 12, 1967, at Wesley Hospital; and that he had reinjured his back.
The only evidence in the record pertaining to prior injuries to Neeley's back indicates that such injuries were sustained by Neeley on the job as a firefighter employed by the City of Wichita over the past 13 years.
Acting Captain Holliday was aware the injury was reported to the district chief on the date of the accident, August 18, 1967.
Dr. Kaufman was the attending physician during the two intervals of hospital treatment relating to Neeley's injury of August 18, 1967, from September 12, 1967 through September 22, 1967, and from November 26, 1967 through December 11, 1967. He found objective symptoms  muscle spasm, positive straight leg raising test, decreased sensation, contralateral positive leg tests  evidence of a herniated disc and disc disease.
Dr. Anderson, upon whom the appellant relies, did not examine Neeley until June 5, 1968, and stated that Dr. Kaufman was probably in a better position than he to determine the average findings and disability. Dr. Anderson's office had a history of other service related back injuries of Neeley. Dr. Anderson stated that Neeley's description of the accident was consistent with his complaint; that he had spent, at most, an hour with Neeley; that he *142 had confidence in Dr. Kaufman's judgment; that there were subjective findings of disability; that he had no reason to disbelieve these findings; that Neeley had an unstable back condition and Dr. Anderson's opinion that Neeley could not perform the duties of a fireman was based upon Neeley's pre-existing back condition as well as the injury incurred when Neeley fell from the truck.
The evidence given by Dr. Anderson upon which the appellant relies to support the board's finding that Neeley's disability was not service connected is summarized by the appellant as follows:
"6. Dr. H.O. Anderson concluded that Neeley had a bad back merely from his history, although the physical findings were practically normal. He was unable to substantiate a diagnosis of a retropulsed intervertebral disc and declared that the doctor's findings were not consistent with anything severe. He found no findings of a degenerative disc disease, the x-rays indicated no orthopedic disc problem, no spurring or aging, friction problems in his spine, the x-ray diagnosis was normal and from the objective findings, Dr. Anderson could not conclude that Neeley was disabled from performing the duties of a fireman."
It is to be noted that the foregoing testimony all relates to whether Neeley was disabled by reason of the accident on August 18, 1967. He was regularly working as a fireman prior to this date. This fact is not in dispute and there is no appeal from the board's finding that Neeley was totally disabled as a fireman. Dr. Anderson's letter of August 13, 1970, stated the absence of x-ray evidence of degenerative disease does not in itself rule out the possibility of disc pathology. He further testified that he is sure x-ray changes will eventually manifest themselves, and that upon reviewing the certificates of disability he notes that Neeley did suffer an acute injury to the low back.
The appellant's position is summarized in its brief as follows:
"We submit that when the Pension Board was confronted with an application for a permanent disability pension by a fireman who had no medical treatment for a week and half after the alleged injury, did not report the accident for 24 days, worked ten 24-hour shifts after the alleged injury, had no medical support for the permanent disability other than one scientific test by Dr. Kaufman as against the objective findings of Dr. Anderson that the fireman's lumbar sacral spine was normal after the alleged injury, that the discrepancies that appeared throughout the appellee's presentation of evidence in support of his application were of major significance, and in its capacity as a fact finder, the Board weighed all of the testimony and evidence and concluded that the fireman had proven nothing more than a degenerative disc disease and that the incidents described as having occurred on August 18, 1967 were not within the terms of the City's ordinance pertaining to service-connected disability connected to the performance of duties as a fireman."
*143 The appellant attacks the credibility of Neeley stating that under oath Neeley testified he did not work a single day after August 18, 1967. This statement of Neeley was repeated in the rehearing before the board.
At the rehearing the fire department's records (produced for the first time) show that Neeley had worked ten 24-hour shifts, including and subsequent to August 18, 1967. After this evidence was presented to Neeley he admitted he had worked after the date upon which he had permanently injured his back.
It is apparent the reviewing court did not attribute much significance to Neeley's confusion in his testimony. Neeley's original application stated his disability to have begun September 12, 1967. The original sick and off duty reports signed by Neeley and his supervisors reflected the date he was first unable to work as September 13, 1967, the day Neeley went to the hospital. The employer's report of accident, dated September 15, 1967, stated the date of disability as beginning September 13, 1967. The preliminary notice of injury or sickness executed by Neeley reflects his disability as beginning September 13, 1967. During the long interval between the accident and the first opportunity Neeley had to present oral testimony, which was some 37 months after the accident, his memory was confused. At the hearing Neeley requested the board to produce the run records in order to determine what portion, if any, of the interval between the accident and the hospitalization he was on duty. Prior to this the fire department refused to make its records available to Neeley's attorney. There is no evidence that Neeley's total disability resulted from anything other than the injury of August 18, 1967.
The record reflects that every doctor who examined Neeley found him to be permanently disabled as a result of the injuries sustained on August 18, 1967.
The appellant contends the trial court has violated a principle of administrative review, and particularly the dicta of our court set out in Marks v. Frantz, 183 Kan. 47, 325 P.2d 368, to the effect that the test of the validity of a board's decision involves both the substantial evidence rule and a determination that the board's conduct was arbitrary and oppressive.
The extent of the trial court's authority in reviewing a decision from an administrative tribunal is summarized in Lauber v. Firemen's Relief Association, supra, as follows:

*144 "A district court may not, on appeal, substitute its judgment for that of an administrative agency or tribunal, but is restricted to considering whether, as a matter of law: (a) the tribunal acted fraudulently, arbitrarily or capriciously; (b) the administrative order is substantially, supported by evidence; and (c) the tribunal's action was within the scope of its authority." (Syl. 3.)
The appellant's position seems to be that the trial court was without authority to direct the board to allow Neeley a full service connected disability pension because it did not determine the board's conduct to be arbitrary and oppressive. What the trial court did determine was that there was no substantial competent evidence in the record to sustain the board's finding that Neeley sustained a non-service connected disability.
Where an order of an administrative tribunal is based upon findings which are not substantially supported by evidence in the record, the action of the administrative tribunal is tantamount to arbitrary, oppressive or capricious conduct. The administrative tribunal's order is unreasonable because there is no basis in the record to support it.
To accept the appellant's position that Neeley's testimony has been impeached would ignore all other substantial evidence in the record, both documentary and testimonial, to the effect that Neeley sustained an injury by accident on August 18, 1967, while in the line of duty fighting a fire in the City of Wichita, which at least aggravated his pre-existing back condition to the point where he was totally disabled from the further performance of duties as a fireman. To label this as the progression of a diseased back ignores the evidence that it was occasioned by a traumatic experience. We think the appellant's position in this respect is untenable.
There are other matters in the record which tend to indicate the appellant's action in denying Neeley a service connected disability is unreasonable. First, following the rehearing before the board of trustees on September 9, 1970, and prior to the board's decision, the secretary of the board submitted to the new members of the board the minutes of the meeting of June 19, 1968, wherein the original board had denied Neeley's pension claim. Second, the appellant was disenchanted with Neeley's employment of counsel to assist him with his application for a pension. Third, by reason of the injury which Neeley sustained on August 18, 1967, he was paid full salary for a period of six months from September, 1967 *145 through February, 1968, for injury leave. Full salary for injury leave is not paid unless a fireman is injured on the job.
The latter is equivalent to an admission by Neeley's superiors in the fire department that his injury and disability was service connected. A similar situation was presented in Lauber where the court said:
"By providing financial assistance to Lauber in the form of relief by paying his medical expenses and salary for the months of September, October, November and December, 1962, the Firemen's Relief Association admitted Lauber sustained injury in the `Barn' fire in the course of his employment as a fireman with the Salina Fire Department. The fact that there may have been some controversy as to whether Lauber sustained an injury at the `Barn' fire was resolved in Lauber's favor by the foregoing admission which is binding upon the Association.
"Under these circumstances the evidence was sufficient to sustain the finding of the trial court that the refusal of the Firemen's Relief Association to provide relief to Lauber for the remaining months of his total temporary disability as a result of the spinal fusion  the months of January, February, March and a part of April, 1963  was arbitrary and unreasonable." (202 Kan. at p. 579.)
The judgment of the lower court is affirmed.