**McCULLOCH INTERSTATE GAS CORPORATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent,**

**Phillips Petroleum Company, Intervenor.**

No. 75–1251.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 28, 1976.

Decided June 10, 1976.

Rehearing Denied July 9, 1976.

Franklin D. Dodge, Los Angeles (Don G. Kircher and Mario A. Roberti, Los Angeles, on the brief), for petitioner.

Allan Abbot Tuttle, Sol., Federal Power Commission, Washington, D. C. (Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel, and William J. Grealis, Atty., Federal Power Commission, Washington, D. C., on the brief), for respondent.

C. J. Roberts, John L. Williford and Larry Pain, Bartlesville, Okl., submitted on brief for Intervenor Phillips Petroleum Co.

Before LEWIS, Chief Judge, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner McCulloch Interstate Gas Corporation seeks review of two orders of the Federal Power Commission. We affirm the FPC.

The controversy relates to the transmission of gas by Phillips Petroleum Company from a producing area in Wyoming to its Douglas, Wyoming, processing plant and subsequent sale to Panhandle Eastern Pipe Line Company at the outlet of the Douglas plant. McCulloch has a pipeline which takes gas from the same general producing area.

McCulloch says that it is aggrieved because the FPC orders permit the sale and delivery of gas by Phillips to Panhandle "in direct competition with other volumes of natural gas produced and sold to McCulloch Interstate by other producers of natural gas in the same fields", and that McCulloch "will suffer a diminution in its required supplies of natural gas."

A basic question is whether the Phillips pipelines are behind-the-plant gathering facilities exempt from FPC jurisdiction. *Phillips Petroleum Co. v. Wisconsin,* 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035, held that independent producers of natural gas

are subject to the Natural Gas Act, 15 U.S.C. § 717 et seq. In so holding the Court recognized that production and gathering facilities are not within FPC jurisdiction. Ibid. at 678–679, 74 S.Ct. 794 and cases there cited. See also *Saturn Oil & Gas Company v. Federal Power Commission,* 10 Cir., 250 F.2d 61, 64–65, 68, cert. denied 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed.2d 532.

On April 30, 1973, Phillips filed with FPC an application for authority to sell uncommitted Powder River Basin gas to Panhandle at the Mill Compressor Station which is owned by Panhandle and operated by Phillips. In connection therewith Phillips proposed to construct about 35 miles of pipeline connecting Phillips' wells in the Spotted Horse Field to the Mills Station. In addition, Phillips proposed a 40,000 foot line from Spotted Horse to the LX Bar Field. The pipeline from the Mills Station to the Douglas plant is owned by Panhandle. The Phillips application was given FPC Docket No. C173–736. McCulloch was permitted to intervene in the proceedings. It requested that the matter be set for hearing and that the Phillips application be denied.

On July 17, 1973, FPC ruled that it "has no authority under the Natural Gas Act to take any immediate step to prevent the construction of the pipeline by Phillips," because "gathering facilities of independent producers behind the processing plant are not directly subject to the § 7(c) requirements of the Natural Gas Act", 15 U.S.C. § 717f(c). See *Brooks Gas Corp. v. Federal Power Commission,* 127 U.S.App.D.C. 308, 383 F.2d 503, 509, and subsequent decision, 39 FPC 362, 369. In so ruling, FPC did not pass on that part of the application relating to the sale of the gas by Phillips to Panhandle. McCulloch filed a petition for rehearing which, on August 29, 1973, was denied by operation of law. See § 19 of the Natural Gas Act, 15 U.S.C. § 717r, and 18 C.F.R. § 1.34(c) (1975). McCulloch did not seek judicial review of the FPC action.

On April 12, 1974, FPC by order set for hearing the No. C173–736 application for certification of the sale of the gas by Phillips to Panhandle. In so doing, FPC noted its July 17, 1973, action rejecting jurisdiction over the then proposed pipeline, and McCulloch's failure to seek review. FPC said: "McCulloch's subsequent nonaction on the jurisdictional issue effectively forecloses further consideration thereof." On May 31, 1974, FPC granted Phillips a temporary limited certificate. The McCulloch application for rehearing was denied, and McCulloch did not seek review of the FPC decision.

On July 25, 1974, Phillips began the instant proceedings by filing in FPC Docket No. C175–42 an application for both a temporary and permanent certificate of public convenience and necessity covering sale of the gas to Panhandle and the delivery of the gas by the aforementioned pipelines. McCulloch intervened and asserted that the pipelines in question were within FPC jurisdiction. Phillips amended its application to include additional acreage. Temporary certificates were issued.

On December 12, 1974, FPC entered its order, now under review, granting Phillips the permanent certificate applied for in Docket No. C175–42. In so doing, FPC noted that McCulloch's allegations were the same as those made in Docket No. C173–736; that it had found that the gathering facilities were not subject to its jurisdiction; and that its July 17, 1973, order foreclosed further consideration of the jurisdictional issue. FPC also said that McCulloch had presented no other issues of fact or law and that a formal hearing was unnecessary.

The McCulloch petition for rehearing was denied by order issued February 7, 1975, also here for review. In that order FPC said:

"McCulloch is requesting relitigation of an issue, the Commission's resolution of which McCulloch has failed to appeal on two previous occasions, despite ample opportunity to do so. McCulloch offers no pleadings of changed circumstances or new evidence which would indicate that the issues herein have not been fully and fairly litigated."

■ The controlling issue is whether FPC should have exercised jurisdiction over

the pipelines in Docket No. C173–736. It declined to do so because they were exempt gathering facilities. Agency decisions on jurisdiction are subject to court review. *Utah Copper Co. v. Railroad Retirement Board,* 10 Cir., 129 F.2d 358, 361–362, cert. denied, 317 U.S. 687, 63 S.Ct. 258, 87 L.Ed. 551.

The provisions of the Natural Gas Act, § 19, 15 U.S.C. § 717r, prescribe explicitly the procedures to be followed by a person seeking judicial review of FPC orders. *Federal Power Commission v. Colorado Interstate Gas Co.,* 348 U.S. 492, 497, 75 S.Ct. 467, 99 L.Ed. 583. The provisions of § 19 are exclusive. *Whitney Bank v. Bank of New Orleans,* 379 U.S. 411, 420, 422, 85 S.Ct. 551, 13 L.Ed.2d 386.

■ The mode of challenging an agency's jurisdictional decision is by direct attack. *Callanan Road Co. v. United States,* 345 U.S. 507, 512, 73 S.Ct. 803, 97 L.Ed. 1206. A party may not collaterally attack the validity of a prior agency order in a subsequent proceeding. Ibid. The principles of collateral estoppel may properly be applied in administrative cases. *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642. These principles apply to jurisdictional issues. *Pacific Seafarers, Inc. v. Pacific Far East Line, Inc.,* 131 U.S.App.D.C. 226, 404 F.2d 804, 809, cert. denied, 393 U.S. 1093, 89 S.Ct. 872, 21 L.Ed.2d 784. An agency's determination of facts underlying its conclusion that jurisdiction was lacking must be given effect in subsequent litigation. Ibid. See also *Seatrain Lines, Inc. v. Pennsylvania R. Co.,* 3 Cir., 207 F.2d 255, 259.

■ McCulloch intervened in Docket No. C173–736 and, after FPC ruled that it had no jurisdiction over the pipelines because they were gathering facilities, petitioned for rehearing. McCulloch, after denial of that petition, had an opportunity to seek court review, but it chose not to do so.

After the grant to Phillips of a temporary certificate in the same docket number, McCulloch filed a petition for rehearing which was denied. Again McCulloch did not seek review of the FPC decision. McCulloch's contention that it did not have adequate opportunity to litigate the jurisdictional issue is of no avail. The remedy was by a petition for review under § 19 and no review was sought. *Jackson v. Irving Trust Co.,* 311 U.S. 494, 503, 61 S.Ct. 326, 85 L.Ed. 297.

McCulloch says that it was under no compulsion to seek review of the July 17, 1973, FPC decision in No. C173–736 rejecting jurisdiction over the pipeline construction because final disposition was not then made of Phillips' application for a temporary certificate authorizing sale of the gas to Panhandle. The point is without merit because when the FPC on May 31, 1974, granted a temporary limited certificate, McCulloch did not seek court review.

■ McCulloch also complains that it was not given a hearing on the No. C175–42 proceedings which resulted in the grant of a permanent certificate to Phillips for the sale of the gas to Panhandle. The answer is that the only issue of fact or law raised by McCulloch related to the status of the gathering facilities. That issue had been raised and decided. The pertinent facts were not contested and the question was one of law. No evidentiary hearing is required when the proceeding involves only a question of law. *Citizens for Allegan County, Inc. v. Federal Power Commission,* 134 U.S.App.D.C. 229, 414 F.2d 1125, 1128, and cases cited in n. 5.

■ FPC concedes that it did not notify McCulloch of the Phillips' amendment to its application in No. C175–42 bringing in additional acreage. The error is harmless because McCulloch has shown no resulting prejudice. Agency action will not be upset because of harmless error. *Greater Boston Television Corporation v. Federal Communications Commission,* 143 U.S.App.D.C. 383, 444 F.2d 841, 851, cert. denied, 403 U.S. 923, 91 S.Ct. 2229, 29 L.Ed.2d 701.

The petition for review is denied and the orders of the FPC are affirmed.