**FORT SCOTT SALE COMPANY, INC., Plaintiff,**

v.

**John HARDY, Jr., Defendant,**

**and**

**United States of America, Intervenor-Defendant.**

**Civ. A. No. 82–2389.**

United States District Court, D. Kansas.

Aug. 25, 1983.

Daniel W. Olsen, Deas, Van Hooser & Olsen, P.C., Kansas City, Mo., Thomas E. Foster, Foster & Foster, Overland Park, Kans. for plaintiff.

Timothy D. Benton, Asst. Atty. Gen., Des Moines, Iowa, J. Eugene Balloun, Olathe, Kans., for defendant Hardy.

Jim J. Marques, U.S. Atty., Robert Olsen, Asst. U.S. Atty., Kansas City, Kans., for intervenor-defendant.

### MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Defendant John Hardy, Jr., brought a reparation proceeding against Fort Scott Sale Company, Inc., under the Packers and Stockyards Act, 1921, as amended, 7 U.S.C. §§ 181–229. A hearing on the defendant's reparation complaint was held on December 15, 1981, and on October 15, 1982, Donald A. Campbell, Judicial Officer of the United States Department of Agriculture, ordered

**6.** The Pension Board may be joined as a de- fendant should this suit need to be re-filed.

that Fort Scott Sale Company, Inc., plaintiff herein, pay to Mr. Hardy $14,568.57, plus interest thereon at the rate of 13% per annum from December 1, 1979 until paid. Fort Scott Sale Company, Inc., initiated this action for declaratory judgment, asking that the Secretary's order be stricken on the basis that he did not have jurisdiction of the subject matter. The defendant John Hardy, Jr., has moved for dismissal, and the United States has intervened and filed its brief in support of the defendant's motion to dismiss.

The basis of defendant's motion is that an enforcement proceeding under 7 U.S.C. § 210(f) is the exclusive method for review of reparation orders. Plaintiff, on the other hand, argues that the enforcement proceeding is not the exclusive method for review and that a declaratory judgment action is proper in this case. We hold that the enforcement proceeding pursuant to 7 U.S.C. § 210(f) is the exclusive method for review of a reparation order and, therefore, this court does not have subject matter jurisdiction.

In *Maly Livestock Commission Co. v. Hardin,* 446 F.2d 4 (8th Cir.1971), it was held that the enforcement procedure set forth in 7 U.S.C. § 210(f) is the exclusive method for judicial review of reparation orders and, therefore, the court of appeals did not have jurisdiction to entertain a petition for direct review of a reparation order issued by the Secretary of Agriculture. The court in *Maly* relied on *I.C.C. v. Atlantic Coast Line Railroad,* 383 U.S. 576, 86 S.Ct. 1000, 16 L.Ed.2d 109 (1966), which interpreted a provision in the Interstate Commerce Act substantially identical to 7 U.S.C. § 210(f). The Court in *Atlantic Coast Line* stated the policy of the Act was to encourage prompt payment of reparation awards and, to effectuate that policy, Congress had provided for certain procedural and substantive benefits, in particular, choice of venue, which would not be available in an action brought by the carrier (the defendant in the reparation suit). The Court also found that there was ample opportunity to secure review of the reparation order through defense of an enforcement

action. Therefore, carriers are precluded from obtaining review in a forum other than that chosen by the shippers. This same rationale applies to the identical provision of the Packers and Stockyards Act, 7 U.S.C. § 210(f). Although *Maly* was a situation in which direct review was sought in the court of appeals, the case on which it relies, *Atlantic Coast Line,* was an action involving direct review sought in the district court, which is the situation here.

The two cases that have dealt with the question since *Maly* have also held that a 7 U.S.C. § 210(f) enforcement proceeding is the sole method to review a reparation order. *Vance v. Reed,* 495 F.Supp. 852 (M.D. Tenn.1980); *Mid-South Order Buyers, Inc. v. Platte Valley Livestock, Inc.,* 210 Neb. 382, 315 N.W.2d 229 (1982). *See also* 1 Davidson, *Agricultural Law* § 3.83, p. 320 (1981); 10 Harl, *Agricultural Law* § 77.-21(1), p. 71–271 (1982).

The plaintiff will not be denied judicial review of the reparation order. It will merely be denied its choice of forum. It will be required to challenge the validity of the reparation order in an enforcement proceeding brought by the defendant in the defendant's choice of forum. To rule otherwise would defeat the benefits given complainants in enforcement proceedings, namely, choice of forum, treatment of the Secretary's findings as *prima facie* evidence of the facts, and reasonable attorney fees. If the plaintiff wishes to challenge the Secretary of Agriculture's jurisdiction to issue the reparation order, it may do so for the first time in the enforcement action. *Guenther v. Morehead,* 272 F.Supp. 721, 724 (S.D. Iowa 1967); *see also Rice v. Wilcox,* 630 F.2d 586, 589 (8th Cir.1980).

The cases cited by plaintiff are inapposite. Plaintiff cites the Administrative Procedure Act (APA) for the proposition that it is entitled to judicial review. Plaintiff is not being denied judicial review. It is merely being denied its choice of forum. In fact, § 10(b) of the APA provides that "[t]he form of proceeding for judicial review is the special statutory review pro-

ceeding relevant to the subject matter in a court specified by statute or, *in the absence or inadequacy thereof,* any applicable form of legal action, including actions for declaratory judgments. . . ." 5 U.S.C. § 703 (emphasis added). The statutory review proceeding in this case is adequate. Therefore, plaintiff must seek redress in its defense of the enforcement action.

Because we lack jurisdiction, it is unnecessary to consider defendant's motion to dismiss for failure to state a claim.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be and hereby is granted.