IN THE MATTER OF THE CERTIFICATE OF NEED APPLICATION BY COMMUNITY PSYCHIATRIC CENTERS, INC., FOR THE DEVELOPMENT OF A FREE-STANDING PSYCHIATRIC HOSPITAL.

No. 55,831

EXCEPTICON MIDWEST, INC., *Appellee*, v. KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, and BARBARA SABOL, Secretary, Kansas Department of Health and Environment, *Appellant.*

(676 P.2d 107)

Opinion filed January 13, 1984.

*Emily E. Cameron,* of the Kansas Department of Health and Environment, argued the cause, and *Wanda J. Wilkinson,* also of the KDHE, was with her on the brief for appellant.

*J. Eugene Balloun,* of Balloun & Bodinson, Chartered, of Olathe, argued the cause, and *Ron Bodinson,* of the same firm, was with him on the brief for appellee Community Psychiatric Centers, Inc.

*Larry Winn, III,* of Bennett, Lytle, Wetzler, Winn & Martin, of Prairie Village, and *Dennis E. Egan,* of Gage & Tucker, of Kansas City, Missouri, argued the cause, and *Robert F. Bennett,* of Bennett, Lytle, Wetzler, Winn & Martin, of

Prairie Village, and *Eugene C. Hall*, of Gage & Tucker, of Kansas City, Missouri, were with them on the brief for appellee Excepticon Midwest, Inc.

The opinion of the court was delivered by

LOCKETT, J.: The Kansas Department of Health and Environment (KDHE) appeals from two district court decisions consolidated for appeal in this court. KDHE denied certificates of need to build psychiatric hospitals to Excepticon Midwest, Inc. (Excepticon), and Community Psychiatric Centers, Inc. (CPC). In separate cases two different district court judges reversed the KDHE and granted certificates of need to Excepticon and CPC. KDHE appeals the reversal of its denial of both certificates of need.

This appeal involves the certificate of need provision of the Health Facilities Act, K.S.A. 65-4801 *et seq.* Under the Act any person undertaking to construct a new hospital to be licensed under the Kansas health laws must first secure a certificate of need. K.S.A. 65-4802. KDHE is the State agency entrusted with the administration of the Kansas Certificate of Need Program established by K.S.A. 65-4701 *et seq.* and K.S.A. 65-4801 *et seq.* KDHE, acting through its secretary, is required to consider the evaluation and recommendations of the appropriate health systems agency and make the initial administrative decision as to the need of a proposed new health facility and service.

On June 28, 1982, Excepticon filed an application for a certificate of need pursuant to K.S.A. 65-4801 *et seq.* to build and operate a free-standing 96-bed psychiatric hospital in Johnson County. Excepticon would provide (1) acute psychiatric services to children, (2) acute psychiatric services and substance abuse treatment to adolescents and adults, and (3) treatment for the elderly. On July 26, 1982, CPC filed an application for a certificate of need to build and operate a 65-bed free-standing psychiatric hospital in Johnson County. CPC would be devoted to (1) psychiatric and substance abuse treatment of adolescents, (2) care of adults, and (3) geriatric care.

The applications of Excepticon and CPC were both set for hearing by KDHE August 20, 1982, pursuant to K.A.R. 28-42-5 (d), which provides:

"All completed applications reviewed in the same cycle which pertain to similar types of services, facilities, or equipment affecting the same health service area as determined by the state agency, shall be considered in relation to each other."

Excepticon objected to the concurrent review procedure. Excepticon claimed CPC's application for certification was incomplete under KDHE requirements and, therefore, should not be considered in relation to Excepticon's application for certification. On August 20, 1982, the public hearing authorized by K.S.A. 1982 Supp. 65-4808 was held before Scott Buckley, an employee of KDHE.

September 27, 1982, the secretary of KDHE denied both applications for certificates of need. Excepticon and CPC requested that the secretary reconsider his decision. November 9, 1982, a joint reconsideration hearing of the applications was held by KDHE. December 21, 1982, the secretary issued an order affirming the earlier decision denying the certifications of need to Excepticon and CPC. Excepticon and CPC separately appealed the decision to the Johnson County District Court pursuant to K.S.A. 1982 Supp. 65-4816. The separate appeals were assigned to different divisions of the Johnson County District Court. KDHE filed a motion to consolidate the two cases. KDHE's motion to consolidate was denied by the district court.

The CPC appeal was assigned to Judge Janette Howard. Judge Howard conducted a hearing and subsequently found the KDHE's conclusions in the matter were arbitrary. On April 26, 1983, Judge Howard in a memorandum opinion vacated KDHE's decision and remanded the case to KDHE for reconsideration for certification in light of findings made by the court. KDHE then filed a motion for rehearing in the district court. On May 31, 1983, CPC filed a motion requesting the district judge to issue a certificate of need to CPC. On June 13, 1983, Judge Howard denied the KDHE rehearing request and sustained the CPC motion to enter an order granting the certificate of need.

KDHE appealed the ruling of Judge Howard.

The Excepticon case was assigned to Judge J. Stewart McWilliams. On June 7, 1983, Judge McWilliams issued his memorandum opinion on the Excepticon application, finding KDHE's denial of the application was not supported by substantial evidence. Judge McWilliams ordered that the certificate of need be issued to Excepticon. KDHE appealed this ruling of Judge McWilliams.

First we will consider Excepticon's claim that KDHE acted arbitrarily in having concurrent reviews (batching) where CPC's

application for a certificate of need failed to follow the adopted rules and regulations of KDHE. Judge McWilliams found that the secretary had acted arbitrarily in batching the incomplete application of CPC with the completed application of Excepticon at the original hearing conducted by KDHE.

K.S.A. 65-4806(*c*) provides:

"An application shall be deemed filed when it contains all required information and is received by the state agency. A filed application shall be a public document and shall be available for inspection at the offices of the health systems agency and the state agency. A copy thereof shall be furnished to any person upon request and payment of a fee established by the state agency or the health systems agency in an amount approved by the director of accounts and reports under K.S.A. 1980 Supp. 45-204. A completed application may be amended or withdrawn by the applicant at any time without prejudice, but any amendment to an application, except as the state agency and the applicant may otherwise agree, shall cause the amended application to be treated as a new application for purposes of the time limits of this act."

KDHE did not receive all the information required by K.S.A. 65-4806(*b*) until the public hearing held August 20, 1982.

Rules and regulations adopted by the secretary to implement and administer the provision for hearing applications for certificates of need allows all completed applications affecting the same health service area to be reviewed in the same cycle. Each application must be considered in relation to the other. K.A.R. 28-42-5 (d).

The KDHE admits it did not follow its own rules and regulations when it determined that CPC's application had been filed (completed); that CPC's application did not conform to KDHE regulations until the day of the hearing when CPC submitted the final required information on the hearing date, August 20, 1982.

Excepticon presented extensive evidence in support of its application. KDHE did not compare Excepticon's application against CPC's application for a certificate of need. Excepticon and CPC both claimed a need for additional expansion in psychiatric bed space and treatment. KDHE denied both Excepticon's and CPC's requests for certificates of need.

KDHE's concurrent review of Excepticon's complete application with CPC's incomplete application was error, but only harmless error. Agency action will not be upset because of harmless error. *McCulloch Interstate Gas Corp. v. F.P.C.*, 536 F.2d 910, 913 (10th Cir. 1976). Error which does not prejudice

the substantial rights of Excepticon affords no basis for reversal of an administrative determination and must be disregarded.

Any party specified under K.S.A. 1982 Supp. 65-4811 may appeal the decision of KDHE to the district court having proper venue. K.S.A. 1982 Supp. 65-4816. Excepticon and CPC appealed the adverse administrative decision after a rehearing was conducted by KDHE.

The standard of review by a district court and an appeals court of the KDHE administrative decision not to issue a certificate of need to Excepticon and CPC is well established. Neither the district court nor this court on appeal is permitted to try the case de novo and substitute its judgment for that of KDHE. The district court is restricted to considering whether as a matter of law (1) KDHE acted fraudulently, arbitrarily, or capriciously, (2) the administrative order is supported by substantial evidence, and (3) KDHE acted within the scope of its authority. *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.,* 217 Kan. 546, 539 P.2d 1 (1975). In reviewing the district court's judgment, this court must make the same review of the administrative tribunal's action as does the district court to determine whether the district court observed the requirements and restrictions placed upon it. *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 451, 436 P.2d 828 (1968), 28 A.L.R.3d 472.

Excepticon and CPC both claim in their separate appeals that KDHE in denying a certificate of need acted arbitrarily and capriciously and that KDHE's decision not to issue a certificate of need was unsupported by substantial evidence. Arbitrary and capricious conduct is shown where an order of an administrative tribunal is based upon findings which are not substantially supported by the evidence in the record. *Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System,* 212 Kan. 137, Syl. ¶ 3, 510 P.2d 160 (1973). "Substantial evidence" is defined as evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. *Jibben v. Post & Brown Well Service,* 199 Kan. 793, 433 P.2d 467 (1967). Neither the district court nor this court can substitute its judgment for that of KDHE.

For a more in-depth discussion of the health facility planning legislation see *Olathe Hospital Foundation, Inc. v. Extendicare,*

*Inc.*, 217 Kan. 546; *Suburban Medical Center v. Olathe Community Hosp.*, 226 Kan. 320, 597 P.2d 654 (1979); *Pratt v. Board of Thomas County Comm'rs*, 226 Kan. 333, 597 P.2d 664 (1979); and *State ex rel. Metzler v. St. Francis Hosp. and Medical Center*, 227 Kan. 53, 605 P.2d 100 (1980). The purpose of the legislation and the procedures for the granting of a certificate of need embrace the identification and discontinuance of duplicative or unneeded health services and facilities. The adoption of policies was (1) to contain the rapidly rising cost of health care delivery, (2) to insure more appropriate use of health care services, and (3) to promote greater efficiency in the health care provider group. In accordance with state and federal regulations, Mid-America Health Systems Agency (MAHSA) was designated to conduct health planning for the greater Kansas City area which includes seven counties located in the states of Kansas and Missouri. MAHSA submitted yearly plans and updates from 1979 through 1981. February, 1982, MAHSA submitted a Health System Plan for a four year period—1982 - 1986.

There was no health system agency in existence when Excepticon and CPC submitted their applications. MAHSA, created by K.S.A. 65-4701 *et seq.*, ceased to exist in April, 1982. Just prior to its demise, MAHSA prepared its plan for the MAHSA region as required by K.S.A. 65-4722. Johnson County was included within the MAHSA region.

KDHE, acting through its secretary, is required to consider the evaluations and recommendations of the appropriate health system agency and to make the initial administrative decision as to the need for the proposed new health facility and service. When making the administrative decision as to the need for the project, KDHE must apply certain interim review criteria established by the Statewide Health Coordinating Counsel under authority granted by K.S.A. 65-4804. The six review criteria or standards applied by KDHE are community need, quality of care, community support, financial feasibility, cost containment and accessibility. In addition to the review criteria or standards, the secretary has available three studies authorized by the legislature as guides to determine if a certificate of need should issue. These studies are: (1) Health System Plan 1982-1986, Kansas-Missouri, prepared by MAHSA; (2) the 1982 plan for the Health of Kansans prepared by the Kansas Statewide Health Coordinating Council

and KDHE; and (3) Kansas Combined State Plan Update for Alcohol and Drug Abuse, 1982, prepared by the Joint Kansas Citizens Advisory Committee on Alcohol and Drug Abuse for 1981-82 and the State Department of Social and Rehabilitation Services.

KDHE determined that Excepticon and CPC had met only four of the six review objectives and criteria adopted by the Kansas Statewide Health Coordinating Council pursuant to K.S.A. 65-4804. Excepticon and CPC met the criteria for (1) quality of care, (2) financial feasibility, (3) community support, and (4) accessibility. Excepticon and CPC failed to show community need and cost containment. The secretary found the project was not needed to improve the availability or accessibility of psychiatric hospital beds in the sponsor's designated service area. The service area is defined as the counties of Johnson, Wyandotte and Leavenworth in Kansas, and Jackson, Clay, Cass and Platte in Missouri. The secretary found that patient charges, and the cost of health care services in general, would be unnecessarily increased by the project.

Both Excepticon and CPC presented evidence at KDHE's administrative hearing. A portion of the evidence presented by Excepticon and CPC was as follows:

1. There is only one free-standing psychiatric center in Johnson County. (Not physically attached as a part of a general hospital.)

2. Psychiatric care would cost less in each of the proposed facilities.

3. Testimony of working psychiatrists in private practice in Johnson County was:

    a. there is a community need,

    b. private practicing psychiatrists are unable to admit patients into all hospitals in the area,

    c. general hospital beds are unsuitable for psychiatric care because of the special treatment required and therefore one cannot convert regular care beds to psychiatric care.

Both applicants claimed that KDHE improperly included certain bed space not available to Johnson County residents when determining the total bed space available for psychiatric care in the seven-county area. Both also claimed KDHE improperly used formulas or a percentage of 85% of bed space usage as the

desirable average occupancy in determining if there was a community need for additional psychiatric beds in Johnson County.

KDHE contends that the service area is seven counties that compose the greater Kansas City area, not Johnson County alone. The requirement for additional psychiatric bed space and care is based on the seven-county area when KDHE determines whether a certificate of need should issue to Excepticon and CPC. Therefore, Johnson County needs are to be considered in relation to the total service area, not separately.

Until recently construction of health facilities has been treated as a matter for local concern and needs. Each community or area built whatever facilities it desired. Escalating cost of health care has now brought public attention to (1) the need for adequate health facilities, and (2) cost to the community when there is an over-supply of hospital facilities. This increased public awareness has resulted in state and federal regulation of hospital expansion in all areas.

Various criteria have been established by KDHE to make a determination of need. The primary criterion is whether there is a need for new facilities. If there is a need for new facilities, is there available health care personnel for the staffing of the proposed expansion? Will the construction of the new facilities increase the cost of care in the existing facilities in the local area? KDHE determined that there was no need for expansion, there is insufficient health care personnel for staffing of the proposed expansion, and the new facilities, though more cost effective, would increase the cost of health care in existing facilities in the area where bed space and care is available to the general public. It would serve no useful purpose for us to recite with particularity all the evidence in the record considered by KDHE in arriving at its decision not to issue the certificates of need to Excepticon and CPC.

We have considered the entire record in these consolidated cases and have determined that there is substantial evidence in the record to support KDHE's decision not to issue a certificate of need to Excepticon or CPC. Both Excepticon and CPC failed to satisfy the review criteria of community need and cost containment, as established by the Kansas Certificate of Need Program. We further find that both district courts erroneously sub-

stituted their judgment for that of KDHE. KDHE did not act arbitrarily or capriciously in reaching its decision in each case.

We understand how the district court in each case could have reached the conclusion that there was a need for additional facilities to provide bed space and psychiatric treatment in Johnson County. However, this is not the test to be applied by the district court on appeal from the determinations by KDHE. If this were the test to be applied, then each Kansas county included in the seven-county area could show a need for expansion of health care facilities, when considered separately from the surrounding area, thereby defeating the legislative requirement of a statewide health program. We, therefore, reverse the district courts' judgments ordering KDHE to issue certificates of need for Excepticon and CPC.

The cases are remanded to the district courts with instructions to deny the certificates of need to Community Psychiatric Centers, Inc. and Excepticon Midwest, Inc.

SCHROEDER, C.J., dissenting.