MIDAMERICAN COMMUNICATIONS
CORP., Plaintiff,

v.

U.S. WEST COMMUNICATIONS,
INC., Defendant.

Civ. A. No. 93–B–2718.

United States District Court,
D. Colorado.

July 11, 1994.

Richard S. Vermeire, Chesley K. Culp, III, Moye, Giles, O'Keefe, Vermeire & Gorrell, Denver, CO, Eric J. Branfman, Ky E. Kirby, Swidler & Berlin, Chrtd., Washington, DC, for plaintiff.

H. Perry Ryon, Robert McKenna, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff MidAmerican Communications Corporation (MidAmerican) moves pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, 12(b)(6) to dismiss with prejudice defendant US West Communication Inc.'s (US West) counterclaim. The parties have fully briefed and orally argued the issues. Jurisdiction is based upon 47 U.S.C. § 407.

I.

MidAmerican is an interstate interexchange carrier of telecommunication services. From 1985–86, it purchased interstate access services from Mountain States Telephone and Telegraph (MST & T) and Northwestern Bell Telephone Company (NWB). MST & T and NWB merged on January 1, 1991 as US West. As a result, US West assumed their liabilities.

MST & T and NWB were telephone common carriers subject to the Federal Communications Commission's (FCC) jurisdiction

under Title II of the Communications Act of 1934. Here, MidAmerican seeks to enforce FCC orders issued on February 22, 1993 and July 30, 1993 in *MidAmerican Long Distance Company v. Pacific Bell Telephone Company, Mountain States Telephone and Telegraph Company, and Northwestern Bell Telephone Company* (agency proceedings). *See* 8 F.C.C. 1201 (Liability and Damages Order), and 8 F.C.C. 5550 (Interest Order). Under 47 U.S.C. § 415(f), an enforcement action must be filed in a United States District Court or State court within one year from the date of the order. There is no question that this case's filing was timely.

In the agency proceedings, the FCC held that MidAmerican met its burden of establishing that US West's predecessors had violated section 201(b) of the Communications Act by earning revenues in excess of the rate of return prescribed by the FCC for the period of October 1, 1985 through December 31, 1986. *Id.* at 1201. The FCC orders directed US West to pay MidAmerican, within sixty days, $261,076.00 plus interest calculated at the Internal Revenue Service quarterly rates for tax refunds and compounded daily from January 1, 1987 until MidAmerican is fully paid. *See* Order re: Joint Stipulated Plan and Schedule for Discovery (Joint Plan). US West has not complied with the FCC orders.

US West admits that it has not paid MidAmerican. In addition, it raises numerous defenses, many of which were also raised in the underlying agency action. US West further counterclaims for recoupment against MidAmerican for US West's underearnings of $397,000 in certain rate categories. *See* Joint Plan, p. 4. This counterclaim was raised as a defense in the agency proceedings. *Liability and Damages Order,* at 1203, ¶ 8.

The FCC orders sought to be enforced here are currently on appeal in the Court of Appeals for the District of Columbia Circuit. Joint Plan at p. 17. In its appeal, US West challenges the FCC orders in their entirety. *Id.* Many of US West's challenges to the FCC orders in this case are also raised in its pending appeal. *Id.*

II.

MidAmerican contends that US West's recoupment counterclaim should be dismissed under Fed.R.Civ.P. 12(b)(6). For the purposes of a Rule 12(b)(6) motion to dismiss, I accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. *Tri–Crown, Inc. v. American Federally Sav. & Loan, Ass'n,* 908 F.2d 578, 582 (10th Cir.1990). "A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that the plaintiff can prove no set of facts which entitle it to relief." *Id.*

It is undisputed that US West's counterclaim is for recoupment. *See* Opposition to Motion, p. 5. Recoupment is merely "the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very matter giving rise to the plaintiff's claim." *U.S. v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,-121 Pounds,* 726 F.2d 1481, 1490 (10th Cir. 1984) (quoting *First National Bank of Louisville v. Master Auto Service Corp.,* 693 F.2d 308, 310 n. 1 (4th Cir.1982)); *see also* 6 C. Wright & Miller, Fed.Practice & Procedure, Civil, § 1401 (1971 & Supp.1983). In the absence of a statute providing otherwise, recoupment is purely defensive and not offensive, at least when employed in a court of law. 80 C.J.S. Set–Off and Counterclaim § 2 (1953); *Citizens Bank Potawatomi Indian Tribe of Oklahoma v. Oklahoma Tax Commission,* 888 F.2d 1303, 1304 (10th Cir.1989), *rev'd on other grounds,* 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (recoupment is an equitable defense that applies only to suits for money damages and only to the abatement, reduction, or mitigation of the damages claimed by plaintiff).

In *Reiter v. Cooper,* —— U.S. ——, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993), the Court defined "recoupment" as a set-off against asserted liability of a counterclaim arising out of the same transaction and held that the shipper's counterclaim was improperly classified as a defense. However, in *Reiter,* unlike here, a specific statutory provision, 49 U.S.C. § 11705(b)(3), gave rise to the shipper's

counterclaim. Significantly, US West is unable to provide any analogous provision in the Federal Communications Act.

■ Unlike a counterclaim, a defense cannot possibly be adjudicated separately from the plaintiff's claim to which it applies. *Reiter*, — U.S. at ——, 113 S.Ct. at ——, 122 L.Ed.2d at 615. Accordingly, although denominated as a counterclaim, I conclude and the parties conceded at the hearing, that US West's alleged right to recoupment is a defense because it can diminish or nullify, MidAmerican's damages and cannot be brought as a separate claim as a matter of law. US West further concedes that at most, it seeks to recoup only the amount of MidAmerican's claim and nothing more.

Federal Rule of Civil Procedure 8(c) provides that when a party mistakenly designates a defense as a counterclaim or a counterclaim as a defense, the court, on terms and if justice so requires, shall treat the pleading as if there had been a proper designation. I conclude, and the parties do not dispute, that US West's recoupment counterclaim should be redesignated as a defense.

■ In light of this redesignation, I address MidAmerican's argument that US West's recoupment defense constitutes an impermissible collateral attack on FCC findings and, thus, this defense must be dismissed under Fed.R.Civ.P. 12(b)(1). I disagree.

> 47 U.S.C. § 407 provides in relevant part: If a carrier does not comply with an order for the payment of money within the time limit in such order, the complainant ... may file in the district court of the United States ... a petition setting forth briefly the causes for which he claims damages, and the order of the Commission in the premises. Such suit in the district court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suits the findings and order of the Commission shall be *prima facie* evidence of the facts therein stated ...

US West's recoupment defense does not challenge the FCC's factual findings. Instead, it contests the FCC's legal conclusions

which I review *de novo*. *See* 5 U.S.C. § 706 (a reviewing court shall hold unlawful and set aside agency conclusions which are contrary to law); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir.1993); *Rice v. Wilcox*, 630 F.2d 586, 589 (8th Cir.1980).

Before 1978, the Interstate Commerce Act (I.C.A.) had an enforcement provision analogous to § 407 of the Communications Act. In *I.C.C. v. Atlantic Coast Line R. Co.*, 383 U.S. 576, 86 S.Ct. 1000, 16 L.Ed.2d 109 (1966), the Supreme Court construed that enforcement provision and held that "when the Commission issues a reparation order ... a carrier may obtain review of the ... order only in the court where the shipper commences its enforcement action—or where the shipper seeks review of the Commission's order." *Atlantic Coast*, 383 U.S. at 579, 86 S.Ct. at 1003. The Court further held that the Secretary's findings on issues other than primary jurisdiction issues "are subject to review under the prima facie evidence provision of § 16(2), with the statutory rights of introducing evidence not before the Commission and obtaining a jury determination of disputed issues of fact." *Id.* at 594, 86 S.Ct. at 1011. The Court continued in a footnote:

> Section 16(2), of course, does not limit the carrier to introducing opposing evidence to rebut the prima facie effect of the Commission's order. It may also challenge the admissibility of the order on grounds, for example, that the Commission did not afford the carrier a fair hearing or that the order was not based upon substantial evidence....

*Id.* at 595 n. 6, 86 S.Ct. at 1012 n. 6 (citations omitted). Significantly, the Court also recognized that in *Louisville & Nashville R. Co. v. Sloss–Sheffield Steel & Iron Co.*, 269 U.S. 217, 46 S.Ct. 73, 70 L.Ed. 242 (1925), it considered a carrier's statute of limitations defense on review of a judgment for the shipper in a § 16(2) enforcement action. *Id.* at 595 n. 7, 86 S.Ct. at 1012 n. 7.

In the absence of authority construing § 407, the Supreme Court's construction of the analogous I.C.A. enforcement provision is instructive. Under the *Atlantic Coast* analysis, I conclude that US West's recoupment

defense does not constitute an impermissible collateral attack on the FCC orders. US West can challenge the FCC's legal conclusions and may introduce evidence to rebut its prima facie factual findings and assert the same defenses in this § 407 proceeding as were raised in the agency proceedings. *Cf. Vance v. Reed,* 495 F.Supp. 852, 856 (M.D.Tenn.1980); *Fort Scott Sale Co., Inc. v. Hardy,* 570 F.Supp. 1144 (D.Kan.1983).

To support its proposition that US West is precluded from collaterally attacking the FCC orders in this enforcement proceeding, MidAmerican relies on *McCulloch Interstate Gas Corp. v. Federal Power Commission,* 536 F.2d 910 (10th Cir.1976) and *Williams Natural Gas Co. v. City of Oklahoma City,* 890 F.2d 255 (10th Cir.1989), *cert. denied,* 497 U.S. 1003, 110 S.Ct. 3236, 111 L.Ed.2d 747 (1990). Those cases are distinguishable. Unlike *Atlantic Coast,* neither *McCulloch* nor *Williams* concern enforcement proceedings governed by a specific statutory provision such as 47 U.S.C. § 407. Moreover, in *McCulloch,* the party seeking review had, on two previous occasions, failed to seek review of the agency's rulings. *McCulloch,* 536 F.2d at 912. Here, US West's appellate review of the FCC's orders is currently pending in the District of Columbia Circuit.

█ Having held that US West mistakenly designated its recoupment defense as a counterclaim and this defense does not constitute an impermissible collateral attack upon the FCC orders, I am faced with the prospect of moving forward in this enforcement action during the course of the D.C. Circuit appeal. The results there and here may be consistent. However, and this is the rub, the results there and here may be wholly inconsistent. Such inconsistency could be exacerbated by Tenth Circuit treatment of my decision in this case. Moreover, if the D.C. Circuit reverses the FCC orders, there may be no orders to enforce here. Consequently, precious party and judicial resources may be wasted. I hesitate to speculate further about other unwelcome permutations that may ensue.

Notwithstanding MidAmerican's admission that many of US West's challenges to the FCC orders in this case are also raised in the

pending appeal, it opposes staying this case pending the outcome in the D.C. Circuit. MidAmerican argues that if Congress had not intended for § 407 enforcement proceedings to go forward concurrently with appellate review of FCC orders, it would have said so. However, MidAmerican does not dispute my discretion to stay this action. Furthermore, such an order is warranted where, as here, it will eliminate potentially unnecessary and unjustifiable costs in litigation. *See* D.C.COLO.LR. Preface. More importantly, the D.C. Circuit's decision will also give clear definition to this enforcement proceeding. Furthermore, neither party will be prejudiced because its resources will not be wasted on litigating inconsistent rulings. Accordingly, I exercise my discretion to stay this action pending resolution of the appeal in the D.C. Circuit.

ACCORDINGLY, IT IS ORDERED that:

1) US West's recoupment counterclaim is redesignated as a defense;

2) MidAmerican's motion to dismiss is DENIED;

3) This case is stayed pending resolution of the D.C. Circuit appeal; and,

4) The parties will submit brief status reports concerning the appeal's progress at 90 day intervals.