No. 60,049

In the Matter of the Application for Incorporation as a City of the Third Class to be Known as "The City of Sherwood," Shawnee County, Kansas.

(736 P.2d 875)

Opinion filed May 1, 1987.

*John R. Hamilton*, of Hamilton & Hannah, of Topeka, argued the cause and *Larry E. Gregg*, of Gregg, Barker and Johnson, of Topeka, was with him on the briefs for appellant, Clyne Foust.

*Douglas F. Martin*, county counselor, argued the cause and was on the brief for appellee Board of County Commissioners of Shawnee County.

*Richard E. Jones*, deputy city attorney, argued the cause and was on the brief for appellee City of Topeka.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by Clyne Foust (appellant) from an order of the district court granting summary judgment to the Board of County Commissioners of Shawnee County (Board) and the City of Topeka (Topeka) in an appeal by Mr. Foust from an order of the Board which denied a petition to incorporate the City of Sherwood.

The area sought to be incorporated lies southwest of Topeka. Nine hundred forty residents of the area filed a petition pursuant to K.S.A. 15-115 *et seq.* for the area to be incorporated as a third-class city to be known as The City of Sherwood. Hearings were held at which all three Shawnee County Commissioners

participated, and on May 14, 1986, the Commissioners voted two-to-one in favor of granting incorporation. Commissioner Velma Paris cast the "No" vote. As the area sought to be incorporated lies within five miles of the city limits of Topeka, a unanimous decision by the Board was required under K.S.A. 1986 Supp. 15-123. On appeal to the district court, the City of Topeka was allowed to intervene.

At the outset, Topeka and the Board contend that appellant lacks standing to bring this appeal based upon the argument that, as Mr. Foust had originally sought to proceed under the incorporation statutes, K.S.A. 15-115 *et seq.*, he has waived his right to challenge the constitutionality of the statutes. See *Willoughby v. Willoughby*, 178 Kan. 62, 283 P.2d 428 (1955). The trial court found that appellant did not lack standing in this case. K.S.A. 1986 Supp. 15-126(a) specifically provides that "[a]ny person who has an interest in or is aggrieved by the decision of the board of county commissioners . . . may appeal to the district court." The specific statute granting authority to appeal prevails over the general rule of law that one who seeks affirmative relief under a statute cannot subsequently claim the statute is unconstitutional. We find the appellees' assertion that appellant lacks standing to bring this appeal to be without merit. We now turn to the issues raised by the appellant.

Appellant asserts the unanimity requirement of K.S.A. 1986 Supp. 15-123 is unconstitutional because (1) it is an unlawful delegation of legislative authority, (2) it violates the equal protection clause, and (3) it violates the due process clause. The portion of the statute asserted to be unconstitutional reads:

"In addition to other requirements, if any of the territory wholly within one county is within five miles of an existing city, the territory shall not be incorporated except by the unanimous vote of the commissioners."

The general rule applicable to a constitutional challenge of a statute has often been stated by this court. In *City of Baxter Springs v. Bryant*, 226 Kan. 383, Syl. ¶¶ 1-4, 598 P.2d 1051 (1979), we held:

"The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution."

"In determining constitutionality, it is the court's duty to uphold a statute

under attack rather than defeat it and if there is any reasonable way to construe the statute as constitutionally valid, that should be done."

"Statutes are not stricken down unless the infringement of the superior law is clear beyond substantial doubt."

"The propriety, wisdom, necessity and expedience of legislation are exclusively matters for legislative determination and courts will not invalidate laws, otherwise constitutional, because the members of the court do not consider the statute in the public interest of the state, since, necessarily, what the views of members of the court may be upon the subject is wholly immaterial and it is not the province nor the right of courts to determine the wisdom of legislation touching the public interest as that is a legislative function with which courts cannot interfere."

Appellant contends the quoted portion of the statute results in the delegation of legislative power not to the Board, but to one commissioner who, acting alone, can prevent a unanimous vote for incorporation by overriding the decision of the majority of the board. The Kansas Constitution provides:

Art. 2, § 21. "**Delegation of powers of local legislation and administration.** The legislature may confer powers of local legislation and administration upon political subdivisions."

Art. 12, § 5. "**Cities' power of home rule.** (a) The legislature shall provide by general law, applicable to all cities, for the incorporation of cities . . . ."

K.S.A. 15-115 provides:

"It is the purpose of this act to provide by general law for the incorporation of all cities, as required by section 5 of article 12, of the state constitution."

Cities and counties are political subdivisions of the state upon which the legislature may confer legislative power. *Koppel v. City of Fairway*, 189 Kan. 710, 712, 371 P.2d 113 (1962). Appellant does not contend that the legislature cannot delegate the authority to control incorporation of cities to the counties but instead argues that the delegation here is to one individual rather than to the Board. We have found no authority supporting appellant's contention and he has supplied none.

The legislature, in its wisdom, has adopted numerous statutes which require more than a simple majority vote in matters determined by legislative bodies. Among them are K.S.A. 19-2907, K.S.A. 1986 Supp. 19-2920, and K.S.A. 75-3713 *et seq.* Here, K.S.A. 1986 Supp. 15-123 requires a unanimous vote of the board. That board is comprised of several individuals. By statute, those individuals are required to consider certain factors set forth

by the legislature in determining whether to grant the incorporation. K.S.A. 15-121. There is a presumption that members of the board, as public officials, act faithfully and properly in the discharge of their duties. *City of Wichita v. Board of Sedgwick County Comm'rs*, 232 Kan. 149, 158, 652 P.2d 717 (1982).

*Combined Investment Co. v. Board of County Comm'rs*, 227 Kan. 17, 605 P.2d 533 (1980), involved an appeal from the denial of an application for a zoning change pursuant to K.S.A. 19-2920. In discussing the unanimity requirement of the statute as it affected the scope of review on appeal, we stated:

"Whether zoning action is taken by one, three, or a dozen people sitting as a board, commission, or authority is immaterial; what is important and controlling under our law is that the action taken must not be arbitrary, capricious or unreasonable. Here the vote of one commissioner controlled the action of the commission; by the vote of Commissioner Mauk the motion to allow the change was defeated. The action of the commission as a whole—controlled by that single vote—was to deny the petition for change. The action of the commission must be reasonable, and is subject to review on that basis, whether the action resulted from a minority or a majority vote. Technically, the district court was reviewing the action of the commission, not the vote of a single commissioner; but the vote of that commissioner controlled the action of the commission; it *was* the action of the commission; and any error in terminology notwithstanding, it was the action of the *commission* which the court held to be arbitrary and unreasonable." p. 29. (Emphasis in original.)

The same situation exists here. Although incorporation was denied as a result of the vote of only one commissioner, the action taken was that of the Board and not that of the one dissenting commissioner.

The requirement of a unanimous vote by the board of county commissioners when the area in question is within five miles of an existing city is not an unconstitutional delegation of legislative authority. Each individual commissioner casts his or her vote after considering the mandatory statutory factors, among other things, to determine the issue of incorporation. The legislature has provided mandatory guidelines and it cannot be said that requiring a unanimous vote on a matter of such important local concern as incorporation of an additional city is an unlawful delegation of legislative authority.

Next, appellant argues the unanimity requirement of the statute violates the concepts of equal protection and substantive due

process as promulgated by the Fourteenth Amendment of the United States Constitution and sections one, two, and eighteen of the Bill of Rights of the Kansas Constitution. These issues will be considered together as, under the facts of this case, the applicable test to determine constitutionality under both concepts is the same.

Under the United States and Kansas Constitutions, equal protection concerns the disparity in treatment between classes of individuals who are in the same situation while due process concerns fairness between the governmental entity and the individuals dealing with it, regardless of how others in the same situation are treated. *Ross v. Moffit*, 417 U.S. 600, 609, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974). The traditional standard for determining equal protection arguments, where, as here, there is no suspect classification or fundamental interest involved, is the "reasonable basis" or "rational relationship" test which mandates that the statute will only be unconstitutional if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. The test for due process arguments is similar: *i.e.*, whether the statute has a real and substantial relation to the objective sought. *State ex rel. Schneider v. Liggett*, 223 Kan. 610, 614-616, 576 P.2d 221 (1978).

Here, appellant does not challenge the reasonableness of the classification utilized in K.S.A. 15-121 which requires the commissioners to consider an additional six factors if any of the territory sought to be incorporated is within five miles of an existing city. Instead, he claims the unlawful classification found in K.S.A. 1986 Supp. 15-123 is between those petitioners who have only to obtain approval of the petition by a majority of the board and those who must obtain approval by a unanimous vote. Appellant argues that the goal of the legislature to prevent unreasonable multiplicity of independent municipal governments is accomplished by the additional factors in K.S.A. 15-121 and that the unanimity requirement of K.S.A. 1986 Supp. 15-123 serves no additional purpose and is fundamentally unfair.

Appellant's equal protection argument fails as there is no disparity in treatment between classes of individuals who are in the same situation. The portion of the statute requiring a unanimous vote applies to all parties who seek to incorporate a city

which is within five miles of an already existing city. There is no disparate treatment between those similarly situated. The argument that the classification is between those who must obtain a majority vote from the commissioners and those who must obtain a unanimous vote is not persuasive because the two groups are not in the same situation: one group of petitioners lives in an area beyond five miles of an existing city and the other within five miles of an existing city. Therefore, applying the rational basis test and the reasonable relation test, the unanimity requirement of the statute is neither a violation of equal protection nor fundamentally unfair. By requiring a unanimous vote, the legislature sought to insure that incorporation is appropriate even though the area in question is in close proximity to an existing city. Due to the close proximity of the two territories and their competing interests of annexation versus incorporation, the legislature sought the additional safeguard that each commissioner, after considering the statutory factors, be of the opinion that incorporation of one territory would not be detrimental to the already existing city and the county as a whole. The requirement of a unanimous vote does have a reasonable basis and bears a rational relationship to the legitimate objectives of the legislature in adopting the statutes. The provision of K.S.A. 1986 Supp. 15-123 which requires a unanimous vote of the board of county commissioners to grant a petition to incorporate a third-class city when the area sought to be incorporated lies within five miles of an existing city does not violate either the equal protection or due process clauses of the United States or Kansas Constitutions.

Next, appellant contends the single vote of Commissioner Paris to deny incorporation, which prevented a unanimous decision by the Board, was arbitrary and capricious.

At the time of casting her negative vote, Commissioner Paris read the following prepared statement to explain her decision to deny incorporation:

"One of the earliest phrases of advice given to the County Commissioners relative to the pending decision was to the effect that we should not let emotion color our judgment; but that we should examine the facts and the data and decide on the basis of what will be in the best interests of Shawnee County as a whole.

"I have carefully considered this advice in coming to my own decision; I have

thoroughly reviewed all of the written material and verbal testimony presented by both proponents and opponents of the proposal to incorporate the Sherwood area into a separate third-class city. I have taken a guided tour of that area, and have given careful consideration to all the factors cited in State statutes that relate to questions of incorporation.

"It is my conclusion that the proponents have not sufficiently weighed the future consequences of their proposal. Among my concerns for which their answers are not convincing are: how their plans for growth can be accomplished with the contractual limitation on water hook-ups; how future provision for public recreation can be adequately funded with a limited potential for revenue expansion; how reliance on other entities through contract for basic services, including a large share of insurance coverage and primary administrative tasks, can be perceived as a stable basis for long-range effective city government; nor how the addition of another city whose boundary is contiguous with that of Topeka, will strengthen the future harmonious and orderly growth of Shawnee County.

"The factual data presented by both sides may continue to be interpreted and analyzed; some may continue to debate the issue based on their particular interpretation. However, as has been stated, it is, finally, a matter of judgment as to what is in the best long-term interests of the people of Shawnee County, both urban and rural. In my own judgment, based on all that we have heard, the future strength and vitality and economic well-being of our county depends upon a strong, energetic, vital and unified City of Topeka, the Capitol City of our State.

"Therefore, mindful that my responsibility as a County Commissioner requires me to work for the brightest future possible for our entire county, I cannot support the request to allow a portion of the urbanized residential area to be incorporated as a separate city."

The district court, acting as an appellate court, ruled Commissioner Paris did not act arbitrarily or capriciously for the following reasons: (1) she stated she considered all of the statutory factors, (2) her stated reasons to deny incorporation satisfied K.S.A. 1986 Supp. 15-123, and (3) her decision was consistent with the recommendations of the professional staff of the Topeka-Shawnee County Metropolitan Planning Commission.

Neither the district court nor this court on appeal is at liberty to substitute its judgment for that of the Board. The advisability of incorporation is not a concern of this court. Appellate review is restricted to judicial matters such as the construction of statutes and the application of the statutes to the facts of the case. To determine whether the district court properly discharged its function, this court makes the same review of the agency decision in the first instance as the district court does. *City of Wichita v. Board of Sedgwick County Comm'rs*, 232 Kan. at 151.

Appellant argues the decision of Commissioner Paris was not based on the statutory criteria, that she did not make specific findings relating to the statutory criteria, and that her "concerns" were not K.S.A. 15-121 factors. Furthermore, he urges this court to adopt a more stringent test of arbitrary, unlawful, or capricious conduct in cases where the decision of a single commissioner prevents a unanimous decision by the entire board of county commissioners.

K.S.A. 1986 Supp. 15-126 dictates the proper scope of appellate review to be:

"Upon appeal the district court shall have jurisdiction to affirm or, *if the court is of the opinion that the decision of the board was arbitrary, unlawful or capricious*, to reverse the decision complained of and direct the county commissioners to take proper action." (Emphasis added.)

As pointed out earlier, *Combined Investment Co. v. Board of Butler County Comm'rs*, 227 Kan. 17, recognized that even though a decision may be controlled by one negative vote, the action being reviewed is that of the board and not that of the dissenting commissioner. The same standard of review prevails regardless of whether a petition for incorporation is approved unanimously or denied by one or more votes.

The burden to show a decision was arbitrary or capricious is on the complaining party and mere inferences or innuendos do not satisfy that burden. *Boehm v. Board of County Commissioners*, 194 Kan. 662, 665, 400 P.2d 739 (1965). The arbitrary and capricious test relates to whether a particular action should have been taken or is justified, such as whether an agency's exercise of its discretion is reasonable or whether the agency's action is without foundation in fact. *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 21, 687 P.2d 603 (1984); *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 381, 673 P.2d 1126 (1983). Arbitrary or capricious conduct is shown where an administrative tribunal's order is based upon findings not substantially supported by evidence in the record. *In re Certif. of Need App. by Community Psychiatric Centers*, 234 Kan. 802, 806, 676 P.2d 107 (1984); *U.S.D. No. 461 v. Dice*, 228 Kan. 40, 50, 612 P.2d 1203 (1980).

In light of these general principles, the district court properly ruled the decision of Commissioner Paris was not arbitrary or

capricious. She heard the statement of State Representative Joan Wagnon, who opposed the incorporation and identified the problems experienced by Johnson County, Kansas, due to a "proliferation of small incorporated cities in a large urban area." Commissioner Paris had available a report prepared by the Topeka-Shawnee County Metropolitan Planning Commission which detailed the statutory factors to be considered. Generally, that report indicated the proposed City of Sherwood would be dependent upon other governmental entities for the essential facilities and services, that existing contracts for services could not be relied on over the long term, and that incorporation, while not preventing the growth of Topeka, would serve as a barrier to that growth. Appellant's argument that Commissioner Paris' "concerns" are not factors listed in K.S.A. 15-121 is without merit. That statute provides that the factors listed, *among others*, shall be considered by the county commissioners. Additionally, they may consider matters outside the evidence presented at the incorporation hearing. *In re Reincorporation of Piper City*, 220 Kan. 6, 13, 551 P.2d 909 (1976). The board is not bound by the preponderance of the evidence and may grant or deny incorporation even though the evidence favors a contrary result. Whether the commissioners give any individual factor or a combination of factors more weight than others is a matter left solely to them in their performance of a legislative function. *City of Wichita v. Board of Sedgwick County Comm'rs*, 232 Kan. at 158. The statute provides that the petition for incorporation shall be denied if it is determined, among other factors, that "the proposed incorporation would be otherwise contrary to the public interest." Here, Commissioner Paris stated she considered the required statutory factors and evidence and reached a conclusion contrary to that of the other two members of the Board. The voluminous record before the court would adequately support a decision by the Board regardless of which way it went. There is certainly substantial evidence which would support a decision for incorporation as well as substantial evidence supporting the Board's decision against incorporation. Under such circumstances, we cannot say the action of the Board (or of Commissioner Paris individually) was arbitrary or capricious.

Finally, appellant argues the trial court erred in granting the

Board's motion for summary judgment without a hearing or trial and that he was denied the right of discovery. It is also asserted that the granting of summary judgment was premature as the trial court had not received the transcript of the hearing before the Board at the time the district court decision was filed. Appellant wanted to question Commissioner Paris, either through discovery or at a hearing, regarding any conduct which may have had an effect upon her decision. The Board argues that the decision of Commissioner Paris was a legislative one and she should not be required to state how she arrived at any particular decision. Action by a board of county commissioners in determining the advisability of incorporation is a legislative function. *In re Reincorporation of Piper City*, 220 Kan. 6, Syl. ¶ 1. Appellant relies upon *Piper City*, where the depositions of two members of the board of county commissioners were allowed and considered by the district court on appeal, and *City of Wichita v. Board of Sedgwick County Comm'rs*, 232 Kan. 149, where the depositions of two of the commissioners and testimony of the director of the planning department was allowed and considered by the district court on appeal. Those cases recognize that in an appeal under K.S.A. 1986 Supp. 15-126 it is not error for the district court to receive and consider evidence in addition to the record from the hearing before the board of county commissioners. Likewise, those cases are not authority for the proposition that a party to such an appeal has a right to delve into the mental processes of board members in making legislative decisions. It is settled law in Kansas that courts will not interfere with the legislative process and, absent constitutional infringements, an appellate court does not examine the wisdom, justice, policy, or expediency of legislative actions. *Leek v. Theis*, 217 Kan. 784, 814-15, 539 P.2d 304 (1975).

It is also contended by the Board and the City of Topeka that appellant did not comply with Supreme Court Rule 141 (235 Kan. cx) in replying to the motions for summary judgment. See *McCullough v. Bethany Med. Center*, 235 Kan. 732, 683 P.2d 1258 (1984). In his response opposing the Board's motion for summary judgment, appellant did not comply with Rule 141 by giving a concise summary of conflicting testimony or evidence, but stated he wanted to inquire, either through discovery or at a

hearing on the appeal, into any conduct of Commissioner Paris which may have had an effect upon her decision.

The defense of incomplete discovery in summary judgment cases has been addressed by this court. In *Gray v. Ray Gill, Frontier Industries, Inc.*, 208 Kan. 95, 97, 490 P.2d 615 (1971), it was stated:

> "Ordinarily, a motion for summary judgment should not be granted when the opposing party is proceeding diligently with his pre-trial discovery, but has not had an opportunity to complete it. (*Lawrence v. Deemy*, 204 Kan. 299, 461 P.2d 770; *Timmermeyer v. Brack*, 196 Kan. 481, 412 P.2d 984; *Brick v. City of Wichita*, 195 Kan. 206, 403 P.2d 964.) On the other hand, when, as here, a party makes no suggestion to the trial court of any additional facts tending to support his position, he cannot escape summary judgment, if otherwise proper, on the mere hope that further discovery may reveal evidence favorable to his case. (See, *Sade v. Hemstrom*, 205 Kan. 514, 471 P.2d 340; *Meyer, Executor v. Benelli*, 197 Kan. 98, 415 P.2d 415.)"

Here, the appellant has failed to sufficiently show or allege facts which tend to support his position.

While the record reflects that the transcript of the proceedings before the Board and the decision of the trial court were both filed with the Clerk of the District Court on August 21, 1986, appellant concedes in his memorandum that "the Court has apparently received the transcripts recently filed." We are also advised that the transcripts were in the hands of the trial judge for several days prior to the filing of his decision. Although trial counsel did not have the transcripts available at the time of argument on the motion for summary judgment, no prejudice has been shown. Additionally, the transcripts were available prior to the trial court's ruling on appellant's motion to alter or amend the judgment.

The judgment is affirmed.

LOCKETT, J., not participating.