No. 68,677

*In re*: The Petition of the City of Kansas City, Kansas, to the Board of County Commissioners of Wyandotte County, Kansas, for the Annexation of Land Pursuant to K.S.A. 12-521.

*In re*: The Petition of John Feeback, *et al.*, to the Board of County Commissioners of Wyandotte County, Kansas, for the Incorporation of Land.

(856 P.2d 144)

Opinion filed July 9, 1993.

*Charles D. Kugler*, of Kugler & Dickerson, of Kansas City, argued the cause and was on the brief for appellants.

*N. Cason Boudreau*, deputy city attorney, argued the cause, and *Harold T. Walker*, city attorney, was with him on the brief for appellee City of Kansas City, Kansas.

R. *Wayne Lampson*, county counselor, argued the cause and was on the brief for appellee Board of County Commissioners of Wyandotte County, Kansas.

The opinion of the court was delivered by

SIX, J.: This is a municipal law case. The landowners in the remaining unincorporated portion of Wyandotte County (the Piper area) petitioned for incorporation. The City of Kansas City, Kansas, (City) later petitioned for annexation of the same area. The two petitions moved forward together on an administrative track before the three-person Board of County Commissioners (BOCC). The BOCC denied incorporation and granted annexation. (The Piper area is a 17-square-mile tract adjacent to the western boundary of the City.)

The landowners appealed the BOCC's decisions to the district court. The district court affirmed the BOCC by granting summary judgment to the City which had intervened. The landowners appeal. Our jurisdiction is under K.S.A. 20-3018(c) (transfer from the Court of Appeals on our motion).

The landowners frame two issues of district court error: (1) The BOCC was arbitrary and capricious when it failed to consider the status quo of the Piper area as an alternative to either incorporation or annexation. (2) The municipal law doctrine of prior jurisdiction applies, *i.e.*, the BOCC and the district court could only consider the landowners' first-filed incorporation petition to the exclusion of the City's later-filed annexation petition.

We reject both issue propositions, find no district court error, and affirm.

## The Standard of Review

The standard for judicial review of annexation proceedings requires us to first determine whether the district court observed the requirements placed upon it and then conduct a similar review of the action taken by the BOCC. *City of Topeka v. Board of Shawnee County Comm'rs*, 252 Kan. 432, 434, 845 P.2d 663 (1993). In considering the quasi-judicial decision making, we must determine whether, as a matter of law, the BOCC: (1) acted fraudulently, arbitrarily, or capriciously; (2) issued an order supported by substantial evidence; and (3) acted within the scope of its authority. 252 Kan. 432, Syl. ¶ 1. We should not substitute

our judgment for that of the members of the BOCC "who act as elected representatives and are able to observe and hear those who testify." Our role in annexation decisions is limited. 252 Kan. at 439.

Our standard of review for the BOCC's denial of incorporation is restricted to judicial matters such as the construction of statutes and the application of the statutes to the facts of the case. To determine whether the district court properly discharged its function, we make the same review of the BOCC decision in the first instance as does the district court. The advisability of incorporation is not our concern. *In re Application for Incorporation as City,* 241 Kan. 396, 402, 736 P.2d 875 (1987). See K.S.A. 15-126.

### Facts

Litigation involving the Piper area makes a third visit to this court. See *In re Reincorporation of Piper City,* 220 Kan. 6, 551 P.2d 909 (1976); *City of Kansas City v. Board of County Commissioners,* 213 Kan. 777, 518 P.2d 403 (1974).

In November 1990, a newspaper reported that a newly elected Wyandotte County Commissioner had proposed the elimination of the unincorporated Piper area to accomplish the goal of consolidation of governmental services.

A member of the BOCC, in March 1991, circulated a memo to the other county commissioners which is characterized by the landowners as "calling for the end of the status quo for the Piper area." The memo discussed the financial constraints that the county was facing due to the implementation of the state-mandated reappraisal and classification system. The memo also commented on the ratio between taxes paid and the cost of services provided by the county to the unincorporated Piper area. Additionally, the memo stated that "self determination of the citizens in this area" was important. An advisory mail ballot to determine the preferences of the Piper landowners was proposed. The opinion poll was mailed to registered voters who resided in the Piper area. The poll provided three options: (1) incorporation into a new municipality; (2) annexation by the City; and (3) annexation by Bonner Springs, Kansas.

The Piper area landowners filed a petition under K.S.A. 15-115 *et seq.* in May 1991 to incorporate as a third-class city. The City filed its annexation petition a week later. The BOCC set the two petitions for public hearing—the incorporation petition on July 30, 1991, and the annexation petition the next day, July 31, 1991.

With the exception of a brief statement and presentation of the City's annexation petition, all of the comments presented at the incorporation hearing favored incorporation. At the annexation hearing, comments were presented which supported and opposed both annexation and incorporation.

Written comments were received by the BOCC. At the regular meeting of the BOCC held on August 6, a motion was made to approve incorporation of the Piper area. The vote was two in favor and one opposed. The applicable statute, K.S.A. 15-123, requires a unanimous vote if the territory proposed for incorporation is wholly within one county and is within five miles of an existing city. The motion failed. A motion was then made to approve annexation by the City. The annexation motion passed on a vote of two in favor and one abstention. K.S.A. 12-521, the applicable annexation statute, does not require a unanimous vote. The BOCC resolutions denied incorporation and approved annexation. The findings of fact and conclusions of law included consideration of manifest injury and the advisability of annexation.

The City's memorandum in support of its summary judgment motion contained statements of fact concerning procedural history. The landowners did not controvert the City's statement of procedural facts. The memorandum opposing the City's summary judgment motion included a statement of additional uncontroverted facts concerning the wisdom of annexation. According to the landowners, the evidence showed that the Piper area lacked the requisite population density for annexation. The area was primarily used for agricultural purposes, with the exception of a golf course/residential area. The City refutes this density conclusion, contending it is contrary to what the BOCC determined.

The landowners filed a motion to dismiss the City's annexation petition on the basis that the district court had exclusive jurisdiction to hear only matters relating to incorporation. The motion was denied.

## Summary Judgment

We acknowledge the applicable rules of summary judgment. The district court was required to resolve all facts and inferences which might reasonably have been drawn from the evidence, in favor of the landowners. *Bacon v. Mercy Hosp. of Ft. Scott,* 243 Kan. 303, 306-07, 756 P.2d 416 (1988). On appeal, we must read the record in the light most favorable to the landowners. *Bright v. Cargill, Inc.,* 251 Kan. 387, 392, 837 P.2d 348 (1992). Summary judgment is proper where the only question or questions presented are questions of law. *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson,* 250 Kan. 490, 498, 827 P.2d 758 (1992). The landowners must come forward with something of evidentiary value to establish a material dispute of fact, although they are not required to prove their case. See *Glenn v. Fleming,* 247 Kan. 296, 305 799 P.2d 79 (1990); K.S.A. 1992 Supp. 60-256(e).

## The District Court's Ruling

In its memorandum opinion, the district court found:

"Although the Appellants' [landowners'] Statement of Additional Uncontroverted Facts suggests there is evidence in the record that would support a decision for incorporation, the advisability of incorporation is not subject to review by the district court and the court cannot reweigh the evidence and substitute its judgment for that of the board. [*In re Application for Incorporation as City,* 241 Kan. 396, 402, 736 P.2d 875 (1987)]. Appellants do not present a genuine issue of material fact for trial.

"Based on the above I find that the Board's decision denying incorporation is substantially supported by evidence contained in the record and is, therefore, not arbitrary, capricious or unlawful."

Additionally, the district court considered the annexation petition and found:

"The Board's findings as to advisability of annexation and manifest injury . . . are detailed and complete with specific references to the record. Appellants do not deny Appellees' contentions with regard to the evidence before the Board which supported annexation. That evidence is substantial.

. . . .

"Appellants also suggest that the Board decided prior to receipt of the petitions for incorporation and annexation that maintenance of the status quo as an alternative was eliminated. There was substantial evidence in the record to support the Board's position. . . .

. . . .

"Appellants' contentions as set forth in their Statement of Additional Uncontroverted Facts, to the extent they would be admissible, do not indi-

vidually or in total present an issue of material fact. Those contentions consist entirely of citations to the record which weigh against annexation. I cannot reweigh the evidence and substitute my judgment for that of the Board. Having determined that there is substantial evidence in the record to support the Board's actions, Appellants' contentions become immaterial. *In re [Appeal of] City of Lenexa*, 232 Kan. 568 [, 584, 657 P.2d 47 (1983)]."

### The Piper Area Status Quo

The landowners object to the method the district court used in applying the rules of summary judgment to their claims. They assert that the case at bar represents the first in which a board of county commissioners: (1) has acted at the same time on competing incorporation and annexation petitions and (2) solicited the petitions acted upon.

The landowners contend that the BOCC decided prior to the receipt of the incorporation and annexation petitions to eliminate the unincorporated area as a means of consolidating county government. Consequently, this prior decision caused evidence in support of maintenance of the status quo to be excluded from consideration by the BOCC. The landowners argue that the pre-petition decision of the BOCC was arbitrary, capricious, and unreasonable and, as such, constituted reversible error. They reason that when the district court granted the City's motion for summary judgment it "deprived landowners of their opportunity to prove through a true judicial proceeding with right of cross-examination the validity of their position."

The landowners suggest that the district court improperly searched the record for evidence in support of the City's position. They characterize the district court's approach as the inverse application of the rules of summary judgment which "effectively stilled that broader voice the statutes sought to provide landowners." The landowners contend the "broader voice" arises from their reading of *Cedar Creek Properties, Inc. v. Board of Johnson County Comm'rs*, 249 Kan. 149, 158, 815 P.2d 492 (1991). *Cedar Creek*, contrary to the case at bar, involved "island annexation" under K.S.A. 12-520c. A limestone quarry was the intended use for the area to be annexed. The board of county commissioners refused to consider the proposed use. We held such a refusal to be contrary to the legislative intent of K.S.A. 12-520c. 249 Kan.

at 160. The landowners' "broader voice" reliance on *Cedar Creek* is misplaced.

The City contends that the landowners' argument concerning the preordained nature of the BOCC decision is flawed. The City advances the view that politicians should not be held to a judicial standard concerning the prejudgment of issues. It observes that in *City of Topeka,* 252 Kan. at 442, we reasoned that the legislature did not intend to impose formal judicial procedural requirements on annexation proceedings.

We stressed in *City of Topeka,* an annexation case, that the determination of whether a board acted arbitrarily or capriciously depends "entirely on whether the Board's conclusion on manifest injury was based upon substantial evidence." 252 Kan. at 442. It is not our duty to reweigh the evidence or to substitute our judgment for that of the BOCC. 252 Kan. at 446. There was evidence in the record that the decision to change the status quo would be beneficial to the City, the county, and the community as a whole.

The parties correctly observe that the district court thoroughly examined the law concerning the approach it should take in reviewing the BOCC's decision. The district court followed the appropriate standard for reviewing incorporation and annexation, the latter being quasi-judicial in nature. K.S.A. 12-521(c).

The landowners have failed to demonstrate that the BOCC's decision was arbitrary or capricious or that the BOCC failed to consider the statutory factors that are to be examined in reaching annexation or incorporation decisions. K.S.A. 12-521(c), K.S.A. 15-121. The BOCC has broad discretion as to how it evaluates evidence. The record indicates that the BOCC followed proper procedures when it set forth findings concerning admissibility and manifest injury.

The economic and political nature of the alleged prehearing judgment views of the BOCC concerning the Piper area status quo are not proper subjects for our review. See *Clarke v. City of Wichita,* 218 Kan. 334, 350, 543 P.2d 973 (1975).

## The Doctrine of Prior Jurisdiction

The landowners emphasize that they initiated the first claim to the Piper area when their incorporation petition was filed.

They contend that the prior jurisdiction rule dictates that an annexation proceeding is ineffectual when commenced after a proceeding for incorporation of the same territory as a city. The landowners rely on *In re Appeal of City of Lenexa*, 232 Kan. 568, 657 P.2d 47 (1983), and *Town of Clive v. Colby*, 255 Iowa 483, 123 N.W.2d 331 (1963) (referenced in *City of Lenexa*, 232 Kan. at 579).

The landowners assert that they have the exclusive right to be heard before the BOCC as the reviewing forum under the prior jurisdiction rule. According to the landowners, the rule of priority has been almost uniformly applied: (1) "as between competing annexations of the same territory"; (2) "as between annexation and incorporation of the same or parts of the same territory"; and (3) "as between attempts to incorporate land that is subject to annexation." The landowners cite a variety of cases to support these contentions.

The landowners object to the manner in which the district court handled their jurisdictional motion to dismiss the annexation petition. The district court disposed of the motion by first concluding that the cases cited in support of the motion were distinguishable. We have reviewed the authorities cited by the landowners and agree with the district court's analysis. The district court next found that *City of Lenexa* only applied "where two or more bodies or tribunals have concurrent jurisdiction," which it determined was not the situation in the case at bar. Finally, the district court found that the controlling annexation and incorporation statutes provide for simultaneous consideration of competing petitions.

The landowners reason that the district court's viewpoint was premised on: (1) K.S.A. 12-521(c)(12), which directs the BOCC, when considering annexation, to take into consideration "existing petitions for incorporation," and (2) K.S.A. 15-121, which requires the BOCC, when reviewing incorporation, to consider the "willingness" of a city within five miles to annex. According to the landowners, the terms "existing" and "willingness" do not have the legal significance of the terms "file" and "pending." The landowners' suggested interpretation is strained.

The landowners conclude that simultaneous consideration of the City's petition to annex followed by an order approving an-

nexation was beyond the scope of the BOCC's authority as long as the landowners' petition was pending. According to the landowners, the petition to incorporate, under the authority of *City of Lenexa,* continues to pend until the BOCC order is affirmed or denied by a court of last resort. The landowners reason that the BOCC order approving annexation must be reversed and the matter of incorporation remanded for consideration consistent with the doctrine of prior jurisdiction. We do not agree.

The landowners misread *City of Lenexa.* Prior jurisdiction was not rejected or accepted as a doctrine dispositive of any issue. We stated that *"the doctrine is inapplicable here."* (Emphasis added.) 232 Kan. at 580. We observed in *City of Lenexa* that "[i]n another portion of its brief, the City of Lenexa quite candidly states: 'The priority issue will ripen only if Lenexa's annexation is in whole or in pertinent part approved either by this Court or upon remand.' We agree." 232 Kan. at 580. Lenexa's annexation was not approved. The "priority issue" never ripened.

We are guided by the application of the appropriate Kansas statutes on annexation and incorporation. The legislative guidance extended to us was, of course, not present in *Town of Clive.* The BOCC has jurisdiction of both the landowners' petition to incorporate and the City's petition to annex. The decision rests with the BOCC. No competing decision maker is involved.

The doctrine of prior jurisdiction does not apply to the case at bar. We note the observation of 2 McQuillin, Municipal Corporations § 7.22a, p. 511 (3d ed. rev. 1988): "Thus, where two or more bodies or tribunals have concurrent jurisdiction over a subject matter, the one first acquiring jurisdiction may proceed, and subsequent purported assumptions of jurisdiction in the premises are a nullity." We leave the application of the prior jurisdiction rule for another day when a proper factual scenario may call for us to revisit the doctrine.

The legislature contemplated the joint review undertaken by the BOCC. In its evaluation of manifest injury, the BOCC must consider under K.S.A. 12-521(c)(12) "existing petitions for incorporation of the area as a new city or for the creation of a special district." Similarly, K.S.A. 15-121 requires the analysis of a petition for incorporation to include "[t]he willingness of the city to annex the territory and its ability to provide city services in

case of annexation." K.S.A. 12-521(c) requires the BOCC to consider the impact of approving or disapproving annexation on the entire community. Similarly, in reviewing an incorporation petition K.S.A. 15-121 requires the BOCC to consider:

"The general effect upon the entire community, should there be additional cities in the area; all of these and other considerations having to do with the overall orderly and economic development of the area and to prevent an unreasonable multiplicity of independent municipal governments."

K.S.A. 15-123 states:

"The petition for incorporation shall be denied if it is determined that present or future annexation to an adjacent city, or the creation of an authorized special service district, or districts, would better serve the interest of the area or that the proposed incorporation would be otherwise contrary to the public interest."

The purpose of the prior jurisdiction rule is to obviate "unacceptable conflicts between public bodies processing competing annexations." *State ex inf. Nesslage v. Vil. of Flint Hill,* 718 S.W.2d 210, 214 (Mo. App. 1986). The Ohio Supreme Court in *State, ex rel. Hannan v. DeCourcy,* 18 Ohio St. 2d 73, 81, 247 N.E.2d 465 (1969), the case relied on by the district court in the case at bar, declined to apply the prior jurisdiction rule because there was no risk of conflicting judgments. As in the instant case, the same board had jurisdiction over the annexation and incorporation petitions which were filed concerning the same territory.

The legislature did not intend the prior jurisdiction rule to mandate "a hold" on the City's annexation petition until the Piper area incorporation petition had reached a final resolution.

Affirmed.