(129 P.3d 95)
No. 93,019

RONALD V. ODETTE FAMILY LIMITED PARTNERSHIP, *Appellant*, v. AGCO FINANCE, LLC, D/B/A AGRICREDIT ACCEPTANCE COMPANY, AND SWEETLAND-HINSON EQUIPMENT, INC., *Appellees*.

Opinion filed December 2, 2005.

*Kenneth W. Wasserman,* of Norton, Wasserman, Jones & Kelly, L.L.C., of Salina, for appellant.

*Elizabeth A. Carson* and *Petra H. Johnson,* of Bruce, Bruce & Lehman, L.L.C., of Wichita, for appellees.

Before RULON, C.J., PIERRON and HILL, JJ.

HILL, J.: The Ronald V. Odette Family Limited Partnership (Partnership) sued AGCO Finance, L.L.C., d/b/a Agricredit Acceptance Company (Agricredit), and ·Sweetland-Hinson Equipment Company, Inc. (Sweetland) for conversion and negligence based on their seizure of a tractor and loader. The district court

denied the Partnership's claim by granting summary judgments to Agricredit and Sweetland, ruling that the finance company had obtained a security interest in the equipment when it was originally purchased by Ronald V. Odette. A security interest in collateral continues when it is sold to a third party unless the sale was authorized by the secured party. Since Odette later transferred ownership of the tractor and loader to the family partnership without the knowledge or consent of Agricredit, we affirm the district court's ruling that the finance company and the equipment company that collected the machine have not converted the tractor and loader.

*Case History*

Ronald V. Odette purchased a Massey Ferguson tractor and loader from Jack Shields Sales and Service by signing a retail installment sales contract and security agreement. The sales contract granted the seller a security interest in both pieces of equipment. Odette indicated in the financing papers that he was engaged in an agricultural operation and that he was purchasing the equipment for his personal use in that operation. After the sale, Jack Shields Sales and Service assigned the contract to Agricredit.

The contract forms the basis of the relationship of the parties. It contained a cross-collateralization clause:

"SECURITY INTEREST Under the Uniform Commercial Code: In order to secure payment of the indebtedness contained herein and for all other amounts due or to become due hereunder and for each and every other indebtedness or obligation now or hereafter owing by the Buyer to the Seller and/or the Assignee, the undersigned Buyer hereby grants to the Seller a security interest in the above described property, including the proceeds thereof, together with all repairs, replacements and accessions now or thereafter appertaining thereto until all indebtedness is paid in full."

Going further into the sales contract, clause 5 prohibits any transfers of ownership of the collateral without written consent by Agricredit:

"The Buyer shall keep said property free of all liens, taxes, encumbrances and seizures or levy, shall not use the same illegally, shall not damage, abuse, misuse, abandon or lose said property, shall not sell, lease or otherwise dispose of, or transfer any interest in said property or remove it out of the county or filing district

in which the Buyer resides as indicated herein, without the prior written approval of the Seller."

Despite this prohibition in the contract, Odette transferred the tractor and loader to the Partnership. The Partnership consists of two partners: Andrew Todd Odette and the irrevocable trust of Ronald V. Odette, administered by Paul J. Odette as trustee. Ronald Odette claims now to no longer have an ownership interest in the equipment or the Partnership.

Ultimately, Agricredit obtained a default judgment against Ronald Odette personally for $5,931.49 in 2002 in Chautauqua County District Court. Agricredit then secured a writ of special execution, which was delivered to the sheriff of Chautauqua County, directing the sheriff to seize the tractor and loader. The actual seizure of the equipment was performed by Sweetland, who was hired by Agricredit but acting at the direction of the sheriff. Neither the Partnership nor Odette moved to quash the writ of execution.

After that, the Partnership sued Agricredit and Sweetland for conversion and negligence based on the seizure of the tractor and loader. The defendants filed motions to dismiss that included affidavits and additional documentary evidence. In one affidavit, Sweetland stated that the tractor and loader were not damaged during the seizure. But the Partnership maintains there is a good faith claim that the equipment was damaged due to its being dragged onto a trailer rather than driven in reverse. Agricredit denied the Partnership's request to pay the amount due on the tractor and loader and the amount Sweetland charged for the seizure, pending an inspection of the equipment for damage.

Treating the motions to dismiss as motions for summary judgment because matters outside the pleadings were brought up by the parties and considered by the court when ruling, the district court made the following determinations: (1) A valid security interest in the equipment was violated when Odette made the transfer; (2) the security interest continued in the equipment when it passed into the hands of the Partnership; and (3) Sweetland was acting as the sheriff's agent when it made the seizure and could not be held liable for any negligence. The district court concluded

that there was no cause of action for conversion, and it granted the motions for summary judgment for both defendants.

In this appeal, the Partnership argues that the defendant's motions were erroneously granted.

*Standard of Review*

We believe in this case that the district court granted summary judgment. This is disputed by the Partnership. In its letter decision, the court clearly indicated it was considering summary judgment. Treating the motions to dismiss as motions for summary judgment was correct under the circumstances. When matters outside the pleadings are presented in support of a motion to dismiss, as they were here, the district court shall treat the motion as one for summary judgment. K.S.A. 60-212(b); *Dillard v. Strecker*, 18 Kan. App. 2d 899, 901-02, 861 P.2d 1372 (1993), *aff'd* 255 Kan. 704, 877 P.2d 371 (1994).

This means we will follow the summary judgment standard of review. It is well established:

" ' "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and interferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, [an appellate court must] apply the same rules and where . . . reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." [Citations omitted.]' " *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

The Partnership also argues that summary judgment should not have been granted because of noncompliance with Supreme Court Rule 141 (2004 Kan. Ct. R. Annot. 199). But the Partnership fails to identify how the Supreme Court Rule was violated, except to say that further discovery should have been allowed. The technical portion of Supreme Court Rule 141 makes no such provision for further discovery but does provide:

"No motion for summary judgment shall be heard or deemed finally submitted for decision until:

"(a) The moving party has filed with the court and served on opposing counsel a memorandum or brief setting forth concisely in separately numbered paragraphs the uncontroverted contentions of fact relied upon by said movant (with precise references to pages, lines and/or paragraphs of transcripts, depositions, interrogatories, admissions, affidavits, exhibits, or other supporting documents contained in the court file and otherwise included in the record); and

"(b) Any party opposing said motion has filed and served on the moving party within twenty-one (21) days thereafter, unless the time is extended by court order, a memorandum or brief setting forth in separately numbered paragraphs (corresponding to the numbered paragraphs of movant's memorandum or brief) a statement whether each factual contention of movant is controverted, and if controverted, a concise summary of conflicting testimony or evidence, and any additional genuine issues of material fact which preclude summary judgment (with precise references as required in paragraph [a], *supra.*)"

Agricredit's and Sweetland's motions to dismiss complied with the Supreme Court Rule. They contained separately numbered paragraphs that set out the uncontroverted contentions of fact with references to the depositions and other extraneous material. On the other hand, the Partnership's responses did not comply with the Supreme Court Rule. They did not set out, in correspondingly numbered paragraphs, a statement as to whether the factual contentions were controverted. The responses to both motions were solely legal arguments.

For example, in response to Sweetland, the Partnership argued that there was liability for negligence despite Sweetland's being an agent of the sheriff. In response to Agricredit, the Partnership argued there was liability for conversion because Odette did not have a personal interest in the secured property. These arguments did not challenge the factual basis for summary judgment. The only fact in dispute was the possible damage to the equipment. That fact was rendered immaterial due to the legal issues and was not a legitimate basis for further discovery.

Incomplete discovery was no reason for the district court to find a violation of Supreme Court Rule 141 and deny summary judgments. When a respondent cannot suggest any additional facts sup-

porting the party's position and has only the hope that discovery will reveal favorable evidence, summary judgment is proper. *In re Application for Incorporation as City*, 241 Kan. 396, 406, 736 P.2d 875 (1987) (citing *Gray v. Ray Gill, Frontier Industries, Inc.*, 208 Kan 95, 97, 490 P.2d 615 [1971]). If there were facts that could have strengthened the Partnership's claim, even those that needed further discovery, they should have been alleged in its responses to the motions to dismiss.

*Analysis*

We conclude there are no issues of material fact in conflict. There was a dispute over the original basis for the judgment in the 2002 case. The district court's letter decision indicated that it was based on Odette's unauthorized transfer of the tractor and loader. In the transcript of the hearing, counsel for the Partnership indicated that it was based on the sale of a hay bailer. Agricredit and Sweetland do not allege either in their motions to dismiss.

Either way, it does not matter because of the sales contract and security agreement. Neither party disputes that the 2002 case caused Odette to become indebted to Agricredit for a default judgment. The contract contained a cross-collateralization clause that created a security interest in the equipment for the purchase price and "every other indebtedness or obligation now or hereafter owing by the Buyer to the Seller and/or the Assignee." The Partnership does not contest the validity of this clause or the assignment to Agricredit on appeal. Even if the judgment debt to Agricredit was for a hay baler, Agricredit could look to the tractor and loader as collateral to satisfy the judgment.

The remaining legal question is whether Agricredit and Sweetland were entitled to attach the secured property after Odette transferred it to a third party. In order to establish a claim of conversion, the plaintiff must prove that the defendant's exercise of ownership over the chattel is unauthorized. See *Moore v. State Bank of Burden*, 240 Kan. 382, 386, 729 P.2d 1205 (1986), *cert. denied* 482 U.S. 906 (1987). Agricredit and Sweetland claim they were authorized to seize the equipment by the security interest.

A security interest continues in collateral notwithstanding sale or other disposition unless the disposition was authorized by the secured party. K.S.A. 2004 Supp. 84-9-315; *Farmers State Bank v. Production Cred. Ass'n of St. Cloud*, 243 Kan. 87, 98, 755 P.2d 518 (1988). The effects that this rule produces are mitigated by other provisions of the Kansas Uniform Commercial Code (UCC). First, buyers in the ordinary course of business take free of prior security interests. K.S.A. 2004 Supp. 84-9-320. Second, K.S.A. 84-2-312(b)(2) protects the buyer with a warranty that goods shall be delivered free from any security interests.

The equipment was transferred by Ronald Odette to a partnership in his name, with an irrevocable trust in his name as one of the partners. The other partner and trustee are members of the Odette family. Based on the record, it is highly likely that the Partnership did not act in good faith and was aware that the equipment was subject to Agricredit's security interest. Even if there was good faith, Odette was in the business of farming, not selling farm equipment. Therefore, the Partnership was not a buyer in the ordinary course of business and it took the equipment subject to the security interest.

The parties may determine the standards for default in their sales agreement. K.S.A. 2004 Supp. 84-9-603. Clause 7 of the sales contract contained the following language: "If the Buyer . . . fails to comply with any terms hereof . . . the Seller shall have all the rights and remedies of a Secured Party under the Uniform Commercial Code and may, without notice, enter any premises where said property may be and take possession thereof and remove the same[.]" Upon default, the UCC allows a secured party to enforce the security interest by any available judicial procedure. K.S.A. 2004 Supp. 84-9-601(a)(1).

By violating an express prohibition against selling the equipment, Odette was in default. Agricredit assumed the equipment still belonged to Odette when in fact it had been transferred to the Partnership. Nevertheless, the security interest continued in the tractor and loader. The writ of execution issued by a district court was a proper judicial procedure available to peacefully retrieve the collateral. As the seizure of the property was authorized by law, an

essential element of the conversion claim was missing. Therefore, Agricredit and Sweetland were entitled to summary judgments as a matter of law.

The Partnership makes two arguments against this conclusion. First, it argues that Agricredit never foreclosed on the note and security interest in the tractor and loader. Article 9 of the UCC does not require a strict foreclosure procedure but rather gives the secured party the right to pursue the claim, the collateral, or any other remedy allowed by law. K.S.A. 2004 Supp. 84-9-601. To foreclose, the secured party may even take possession of the collateral without judicial process, so long as they commit no breach of the peace. K.S.A. 2004 Supp. 84-9-609(a)(2). When Agricredit obtained its judgment against Odette and issued the writ of special execution, it followed the proper procedures allowed by the UCC, Article 9. Therefore, a failure to foreclose did not make the seizure unauthorized.

Secondly, the Partnership seems to argue the seizure became unauthorized after it made an offer to settle Odette's debt. It asserts that Agricredit's authorization to seize was limited to the amount of the debt and the value of equipment may have exceeded the debt. Therefore, Agricredit's exercise of ownership became unlawful and a conversion occurred when it refused to accept payment. The Partnership cites no authority for this proposition. It is noteworthy that the offer to settle the debt came after the equipment was seized. To accept the Partnership's argument, this court would have to conclude that the seizure was initially unauthorized—therefore a conversion—because the debtor or his assignee was later willing to settle. If this were true, every seizure of property for indebtedness could arguably be unauthorized and risk possible tort liability for the creditor.

Although the UCC grants a right of redemption of collateral to a debtor, it cannot be the basis a for a conversion claim in this case. The right of redemption may be exercised anytime before a secured party has collected, disposed, or accepted the collateral in full or partial satisfaction of the debt. K.S.A. 2004 Supp. 84-9-623. Liability for the breach of the secured party's duties under the UCC is provided for by the UCC itself, and that breach is not

actionable as a conversion. *Gillenwater v. Mid-American Bank & Tr. Co.*, 19 Kan. App. 2d 420, 426, 870 P.2d 700 (1994). The record is unclear as to how much equity remained in the equipment and whether Agricredit accepted the equipment in full satisfaction of the debt. These might have been issues of material fact in a suit alleging a violation of rights created by the UCC. However, the only relevant question here is whether the district court correctly dismissed the conversion claim. Even if there was a violation of the UCC and the Partnership was denied the opportunity to redeem its collateral (the equipment), the seizure itself was authorized and the granting of summary judgments was proper.

Turning to the negligence claim, the Partnership contends the equipment here was possibly loaded in a negligent manner during the execution of the writ of execution. Negligence requires a duty owed by a defendant to a plaintiff, a breach of that duty, and the breach must be the proximate cause of the plaintiff's damages. *P.W. v. Kansas Dept. of SRS*, 255 Kan. 827, 831, 877 P.2d 430 (1994). The Partnership contends that the question of breach is factual, therefore presenting an issue of material fact that justifies remand. But the existence of a duty must be determined before the question of breach. Whether any duty exists at all is a legal question giving this court unlimited review. See 255 Kan. at 831.

We believe that there was no duty owed by Sweetland to the Partnership. If the tractor and loader was damaged during loading, then the party harmed was Agricredit, not the Partnership, because Agricredit's claim to the equipment was superior to that of the Partnership. With no duty, there can be no negligence claim. The summary judgments were proper under these circumstances.

Affirmed.